PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 08-4793/08-4794

UNITED STATES OF AMERICA

v.

GLENN PETERSEN,
                    Appellant No. 08-4793
          _____

          No. 08-4794
          _____

UNITED STATES OF AMERICA

v.

TREVOR DORSETT,
                    Appellant No. 08-4794

Appeal from the District Court of the Virgin Islands
(Crim. Nos. 3-06-cr-00029-001, 3-06-cr-00029-002)
District Judge: Hon. Juan R. Sanchez

Argued: December 1, 2009


1

Before: McKEE, *Chief Judge*, FUENTES and NYGAARD,
*Circuit Judge*s

(Opinion filed: October 1, 2010)

DARREN JOHN-BAPTISE, ESQ.  (Argued)
The Professional Building
5062 Fortets Gade Suites 11 & 12
St. Thomas, USVI 00802
*Attorney for Appellant, Glenn Petersen*

CHARLES S. RUSSELL, JR., ESQ. (Argued)
Moore, Dodson & Russell, P.C.
No. 14A Norre Gade
P.O. Box 310
St. Thomas, USVI 00804
*Attorneys for Appellant, Trevor Dorsett*

PAUL A. MURPHY, ESQ.
Acting United States Attorney for
the District of the Virgin Islands
ISHMAEL A. MEYERS, JR., ESQ. (Argued)
Assistant United States Attorney
5500 Veteran's Drive, Suite 260
St. Thomas, USVI 00802
*Attorneys for Appellee*

---

OPINION

---

McKEE, *Chief Circuit Judge*.

Glenn Petersen and Trevor Dorsett appeal their convictions for possessing more than 500 grams of cocaine with intent to distribute, and for aiding and abetting that possession. For the reasons that follow, we will affirm the judgments of conviction.

## I. FACTUAL BACKGROUND.[1]

The circumstances leading to the defendants' arrest and conviction began as Virgin Islands Police Officers Angela Brown and Steve Gibbons were monitoring surveillance cameras in a police station on the island of St. John. Those cameras had been deployed in "high crime areas" in Cruz Bay; and fed into the police station where officers monitoring them

---

[1] We review the evidence in the light most favorable to the government as verdict winner. *United States v. Gambone,* 314 F.3d 163, 170-71 (3d Cir. 2003).

3

could zoom in and out of a scene by manipulating a joystick. The officers could also swivel the cameras in a complete 360 degree circle, thereby tracking movements of anyone they chose to focus on.

While monitoring the cameras, Officer Brown recognized Dorsett as she saw him standing on the sidewalk directly across from a post office. As the officers observed Dorsett, Petersen met him, and the two began walking toward "Cap's Place," a local bar. When the two left the bar, the officers saw that Petersen had a drink in one hand and a plastic bag in the other. The officers zoomed in on the bag and saw that it contained a brick-shaped object that appeared to be heavy. As Petersen and Dorsett continued walking down the street to the First Bank Building, Petersen passed the bag to Dorsett. Dorsett kept the bag until they reached a short cut that led to the Julius E. Sprauve School. They then moved out of

camera range when they took that short cut.

Officers Brown and Gibbons then left the station and walked towards the school. As they did, they saw Dorsett and Petersen get into a red Mitsubishi car and drive past the officers. The officers then ran back to the station, got into a police car, and attempted to follow Dorsett and Petersen. As they attempted to pursue the Mitsubishi, Officer Brown radioed other officers to be on the lookout for Dorsett and Petersen in the red car.

Officer Emile Proctor was heading towards the red Mitsubishi when he saw it fail to stop at a stop sign. Officer Proctor radioed to the other officers, informed them of what he saw, and told them that he was going to make a traffic stop. While attempting to catch up to the Mitsubishi, Officer Proctor saw Dorsett throw a clear plastic bag that contained a white substance out through the driver's side window into an open gutter. After the clear plastic bag was thrown into the gutter,

5

the Mitsubishi turned into a street that Officer Proctor knew to be a dead end and Proctor stopped at the entrance of the street to block the Mitsubishi's exit. While doing this, he was able to observe the clear plastic bag that had been thrown from the car into the gutter. The Mitsubishi made a U-turn and then stopped in front of Officer Proctor's police car at about the same time that Officers Brown and Gibbons were arriving at the scene. They parked their car behind the Mitsubishi.

Officer Proctor ordered Dorsett and Petersen out of the car as Officer Dennis Vanterpool arrived and was informed about the clear plastic bag that was still in the gutter. As he retrieved the bag, Vanterpool observed a rock-like substance inside. He opened the bag and smelled what he believed to be crack cocaine and then informed the other officers of his discovery. Officers Proctor and Vanterpool then frisked Petersen and Dorsett. While conducting the pat-downs, Officer

6

Proctor noticed that both Dorsett and Petersen smelled of marijuana, and Officer Vanterpool recovered a bag of marijuana from Petersen's pants pocket.

After Dorsett and Petersen were secured, Officers Brown and Gibbons looked inside the Mitsubishi and immediately noticed the odor of marijuana coming from inside. As Officer Brown continued his visual inspection, he noticed what appeared to be the plastic bag that he had previously seen Dorsett and Petersen carrying as they walked down the street. Brown inquired about the bag, but both Dorsett and Petersen denied any knowledge of it. Officer Brown retrieved the bag and saw that it contained brick-like objects covered by a white powdery substance. Dorsett and Petersen were then arrested and charged with possession of a controlled substance with intent to distribute.

## II. DISTRICT COURT PROCEEDINGS

7

On January 15, 2006, a grand jury returned a two count indictment charging both Dorsett and Petersen with possessing cocaine base (Count One) and cocaine hydrochloride (Count Two) with intent to distribute within 1000 feet of a public school, in violation of 21 U.S.C. §§ 841(a) and 860, as well as aiding and abetting each other and unknown others in the commission of those offenses, in violation of 18 U.S.C. § 2.

After the district court denied their motions to suppress physical evidence, they proceeded to trial before a jury. The government's evidence at trial included the testimony of Eric Jordan, a forensic chemist employed by the United States Drug Enforcement Agency. He testified that the bricks the defendants were carrying contained cocaine hydrochloride that had a gross weight of nearly one and a half kilograms (1,367.9 grams). Officer Mark Joseph, a Virgin Islands Police Department detective who is assigned to the Drug Enforcement

8

Task Force, testified that the drugs were packaged in a manner that was not consistent with personal use.

At the conclusion of that trial, the district court granted the defendants' motions for judgment of acquittal and dismissed Count One of the indictment. The jury could not reach a verdict on Count Two and a mistrial was declared.

At the ensuing retrial, both defendants were convicted on the charges contained in Count Two and sentenced to lengthy prison terms after the court denied their post trial motions. These appeals followed.

### III. DISCUSSION

Dorsett argues that the district court erred in denying his suppression motion, that there was insufficient evidence to support his conviction, and that the district court erred in refusing to give his proffered jury instruction on aiding and abetting. Petersen also challenges the district court's denial of

9

his suppression motion. He also contends that the district court erred in sustaining his conviction for a lesser-included offense because no lesser included offense instruction was given to the jury.

The defendants' challenge to the denial of their suppression motions does not warrant discussion. Their only argument in support of that claim is that all of the evidence seized by the Officers should have been suppressed because the evidence established that Officer Proctor did not see the Mitsubishi run a stop sign. Thus, according to the defendants, the traffic stop violated their Fourth Amendment rights.[2] In *United States v. Mosley*, 454 F.3d 249 (3d Cir. 2006), we noted that "the Supreme Court [has] established a bright-line rule that

---

[2]Petersen does not argue that the seizure of marijuana from his pants pocket violated the "plain feel" doctrine. *See United States v. Yamba*, 506 F.3d 251, 256-60 (3d Cir. 2007) (applying the "plain feel" doctrine established in *Minnesota v. Dickerson*, 508 U.S. 366 (1993)).

10

any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime." *Id.* at 252 (citing *Whren v. United States*, 517 U.S. 806 (1996)).

Petersen and Dorsett contend that surveillance videotape evidence established that Officer Proctor did not see their car run a stop sign. However, Officer Proctor clearly testified that he did see the Mitsubishi run a stop sign, and the district court credited the Officer's testimony and held that the traffic stop was proper. "It is not for us to weigh the evidence or to determine the credibility of witnesses." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1990) (internal quotation marks and citation omitted). Thus, the district court did not err in denying the motions to suppress.

Dorsett's argument that there was insufficient evidence to support his conviction does not merit much discussion either.

11

Officer Brown testified that she saw Dorsett handling the bag containing the cocaine, and surveillance videotape established that Dorsett had actual possession of the bag. That same plastic bag was found in the vehicle just a few minutes later during the stop. This is more than sufficient to sustain the conviction for possession with intent to distribute.

We also reject both appellants' challenges to the district court's jury instructions, although those claims require more discussion.

Count Two of the indictment states:

> On or about December 5, 2003, at St. John, in the District of the Virgin Islands, the defendants, GLENN PETERSEN and TREVOR DORSETT while aiding and abetting one another, and others unknown to the grand jury, knowingly and intentionally possessed with intent to distribute a Schedule II narcotic controlled substance, that is, more than five

hundred (500) grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(a), within 1000 feet of a public school, that is, the Julius Sprauve School.

All in violation of Title 21, United States Code, §§ 841(a), 841(b)(1)(B)(iii), 860 and Title 18, United States Code § 2.

As noted at the outset, Dorsett and Petersen were re-tried on Count Two after their first trial resulted in a mistrial because the jury could not agree on a verdict. The district court asked the second jury to complete special verdict forms which contained three questions. Those questions were identical for each defendant except for the name on the form. The first jury interrogatory was:

Do you unanimously find that the Government has proven beyond a reasonable doubt that the defendant

13

> [individual defendant's name] knowingly and intentionally possessed with intent to distribute a mixture or substance containing cocaine?

The jury answered: "Yes," on the verdict slips for both defendants.

> The second interrogatory was:

> Do you unanimously find that the Government has proven beyond a reasonable doubt that the defendant [individual defendant's name] was within one thousand feet of a school when he knowingly and intentionally possessed with intent to distribute a mixture or substance containing cocaine?

On both defendants' verdict forms, the jury answered: "No."

> The third interrogatory was:

> Do you find that the Government has proven beyond a reasonable doubt that the quantity of a mixture or substance containing cocaine that the defendant [individual defendant's name] knowingly and

14

> intentionally possessed with intent to distribute was 500 grams or more?

On both defendants' verdict forms, the jury answered: "Yes." Accordingly, Petersen and Dorsett were acquitted of charges related to possessing more than 500 grams cocaine with intent to distribute within 1000 feet of a schoolyard in violation of § 860(a), but they were both convicted of possession with intent to distribute in violation of § 841(a)(1).

## A. Petersen.

Following trial, Petersen moved for a judgment of acquittal, or in the alternative, for a new trial.[3] He argued that since he was charged with a single count of a violation of the schoolyard statute, 21 U.S.C. § 860, the jury's verdict constituted an acquittal because the government failed to prove an essential element of the crime charged. He further argued

---

[3]Dorsett moved to join Petersen's motion.

15

that conviction of possession with intent to distribute was inappropriate because the district court never instructed the jury that it could convict him of a lesser-included offense.

The district court denied Petersen's motion and ruled that Petersen was properly convicted of the lesser-included offense of possession with intent to deliver even though the court did not give a lesser-included offense charge to the jury. Peterson now claims that was error. We disagree.

Petersen's claim of error is as ironic as it is misguided. He not only failed to request a lesser-included offense charge in the district court and failed to object to the charge that was given; during the charge conference, Petersen specifically declined a lesser-included offense charge that the court offered to give. Thus, we review the instruction that was given for plain error. *United States v. Gordon*, 290 F.3d 539, 543-44 (3d

16

Cir. 2001).[4]

---

[4] Ordinarily, "[i]f the party claiming error in the jury instructions did not make a timely objection, we review for plain error and we will reverse only if the trial court committed error that was fundamental and highly prejudicial, such that the instruction failed to provide the jury with adequate guidance and the District Court's refusal to consider the issue would result in a miscarriage of justice." *Alexander v. Riga*, 208 F.3d 419, 426 (3d Cir. 2000); *see also United States v. Bobb*, 471 F.3d 491, 500 (3d Cir. 2006).

However, the situation here transcends mere waiver or forfeiture of a legal argument because, as noted above, Peterson not only failed to object to the district court's jury charge, he actually refused the court's offer to give the lesser included offense charge that he now says should have been given. The situation is therefore more akin to an estoppel than a waiver or forfeiture. Although it can clearly be argued that he has lost any right to now claim that the court erred in not giving the charge he told the court he did not want, we believe that, given the very unique circumstances here, review for plain error is appropriate. The alleged error occurred only after the defendant was granted judgment of acquittal on similar charges at his first trial, and his attack on the outcome of the second trial is such that ignoring it now could "seriously affect [] the . . . public reputation of judicial proceedings[,]" *United States v. Hoffecker*, 530 F.3d 137, 181 (3d Cir. 2008) (citing *United States v. Wise*, 515 F.3d 207, 214 (3d Cir. 2008)), as it may appear that he has been sentenced for a crime he was acquitted of. We caution,

(continued...)

17

Under plain error review, relief is not warranted unless there has been an error that is clear and affects substantial rights. *Jones v. United States*, 527 U.S. 373, 389 (1999). The error must be "an egregious error or a manifest miscarriage of justice." *United States v. Price*, 76 F.3d 526, 530 (3d Cir. 1996) (internal quotation marks and citation omitted). As we

---

[4](...continued)
however, that circumstances are indeed rare that will cause us to exercise our discretion to review a claim that a trial court erred in not giving a jury charge that was offered, but refused by the defendant.

Moreover, "[i]t is well-settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." *United States v. Rose*, 538 F.3d 175, 179 (3d Cir. 2008) (internal quotation marks and citation omitted; alternation in original). Exceptional circumstances exist where, *inter alia*, "the public interest requires that the new issue be heard on appeal." *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992). Since we have not yet addressed the issue raised by Petersen, there is an institutional consideration that can be viewed as "an exceptional circumstance." We therefore believe that "the public interest requires that the new issue be heard on appeal."

18

have suggested above, even if all of these prerequisites are met, we will not exercise our discretion to reverse a case for plain error unless the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Jones*, 527 U.S. at 389. (internal quotation marks and citation omitted, alteration in original).

We review jury instructions as a whole and in light of the evidence. When so viewed, jury instructions must "fairly and adequately submit [] the issues in the case to the jury." *Unites States v. Hart*, 273 F.3d 363, 373 (3d Cir. 2001) (internal quotation marks and citation omitted). Nevertheless, a district court has broad discretion in fashioning a jury charge as long as it communicates "the substance of the law" so the jury is not misled or confused. *United States v. McGill*, 964 F.2d 222, 235 (3d Cir. 1992).

19

The statute at issue here, 21 U.S.C. § 860(a), provides,

in relevant part, as follows:

> Any person who violates section 841(a)(1) of this title . . . by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school, or a public or private college, junior college . . . [is] subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841 of this title for a first offense.

Section 841(a)(1) provides, in relevant part:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally –

20

(1) to manufacture, distribute, or
dispense, or possess with intent to
manufacture, distribute, or dispense
a controlled substance . . .

Section 860 is therefore a substantive offense that requires proof of an element that is not included in § 841- proof that the distribution, possession or manufacturing occurred within 1000 feet of a schoolyard. *United States v. McQuilkin*, 78 F.3d 105, 108-09 (3d Cir. 1996).

Accordingly, § 841(a)(1) is a lesser-included offense of § 860(a). *United States v. Jackson*, 443 F.3d 293, 295 (3d Cir. 2006); *see also id*. at 301 ("Because a conviction under § 860(a) only requires a finding of one additional element, the 1,000-foot proximity to a school, we agree that the possession of cocaine base with the intent to distribute under 21 U.S.C. § 841(a)(1) is a lesser-included offense of possession with intent to distribute

21

within 1,000 feet of a school under 21 U.S.C. § 860(a).”).

Accordingly, a jury cannot find a defendant guilty of § 860(a) without first concluding beyond a reasonable doubt that the government has established every element required under § 841(a)(1). *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) (“In fact one of the statutory elements of § 860 requires that § 841(a)(1) have been violated.”).

Federal Rule of Criminal Procedure 31(c) provides, in relevant part, as follows: “Lesser Offense or Attempt. A defendant may be found guilty of . . . (1) an offense necessarily included in the offense charged.” In *Schmuck v. United States*, 489 U.S. 705, 716 (1989), the Supreme Court explained that: “one offense is not ‘necessarily included’ in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element

22

not required for the greater offense, no instruction is to be given under Rule 31(c)."

The government contends that neither Rule 31(c) nor Supreme Court precedent explicitly requires a lesser-included offense charge if the instruction that is given includes the greater offense. However, *Keeble v. United States*, 412 U.S. 205 (1973), seems, at first blush, to suggest otherwise.

There, a Native American was charged with assault with intent to commit serious bodily injury under the Major Crimes Act of 1885. That Act authorized the federal prosecution of a Native American charged with committing certain specifically enumerated offenses on a Reservation. Assault with intent to commit serious bodily injury was one of the specifically enumerated offenses. Keeble was charged with assault with intent to commit serious bodily injury after getting into a fight

23

with his brother-in-law.

At the close of his trial, Keeble asked the district court to instruct the jury that it could convict him of simple assault. The district court refused because simple assault is not an offense specifically enumerated in the Act. Accordingly, Keeble could not have been tried for simple assault in federal court. The district court was affirmed on direct appeal, and the Supreme Court granted *certiorari* limited to "the question of the validity of denying the requested instruction." 412 U.S. at 207.

The Supreme Court held that a lesser included offense charge should have been given, if supported by the evidence. *Id*. at 214. The Court explained:

> Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some

24

element of the offense originally charged, *it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater*.

*Id*. at 208 (emphasis added; footnote omitted). The Court continued:

[I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, *return a verdict of acquittal*.

*Id*. at 212 (emphasis added).

Although *Keeble* might appear to support Petersen's argument, the Court's statements must be understood in the proper context. In *Keeble*, the Court was concerned with the danger that the defendant may be found guilty of the charged

25

offense when the government has proven only the elements of

the lesser included offense.  The Court explained:

> [A] defendant is entitled to a lesser offense instruction in this context or any other – precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.

*Keeble*, 412 U.S. at 212-13.

That danger is absent here because the special verdict

form enabled the jury to make a separate finding as to each

element of the charges against Petersen, and they did. Thus, the

mandate of *Keeble* does not apply.

Although we have not previously decided if a defendant

26

can be convicted of a lesser included offense where no such instruction was given to the jury, we have held that a trial court can enter a conviction on a lesser included offense under certain conditions without violating the Double Jeopardy Clause. Although *Gov't of the Virgin Islands v. Josiah*, 641 F.2d 1103 (3d Cir. 1981), did not involve the specific issue raised here, we did explain:

> A jury's finding on all elements of the greater offense is necessarily a finding of guilt on all elements of the lesser offense, since a lesser included offense consists of some of the elements of the greater offense and does not require the proof of any element not present in the greater offense. A trial court therefore has authority to enter a judgment of conviction on a lesser included offense when it finds that an element exclusive to the greater offense is not supported by evidence sufficient to sustain the jury's finding of guilt on the greater offense.

*Id*. at 1108 (citations omitted).

27

Other circuit courts of appeal have addressed the question of whether an appellate court can remand for entry of judgment on a lesser included offense where no lesser included offense charge was given after determining that there is insufficient evidence to convict on the greater offense. Some of these courts of appeals have declined or hesitated to reduce a conviction to a lesser included offense when the district court did not give a lesser included offense instruction. *See United States v. Dhinsa*, 243 F.3d 635, 676-77 (2d Cir. 2001) (refusing to affirm a conviction for coercion based upon the government's reasoning that the evidence established a lesser included offense, because the district court did not give a lesser included offense instruction); *United States v. Dinkane*, 17 F.3d 1192, 1198 (9th Cir. 1994) (requiring a showing that the district court explicitly instructed the jury that it could convict a defendant of lesser

28

included offense and an instruction setting forth the elements of the lesser included offense); *United States v. Vasquez-Chan*, 978 F.2d 546, 554 (9th Cir. 1992) (same), overruled on other grounds by *United States v. Nevils*, 578 F3d. 1158 (9th Cir. 2010); *United States v. Mitcheltree*, 940 F.2d 1329, 1352 n.17 (10th Cir. 1991) (suggesting remand with an order to enter judgment on a lesser included offense is appropriate only where a lesser included offense instruction is given or where parties concede conviction of the lesser included offense was proper); *United States v. Melton*, 491 F.2d 45, 49 (D.C. Cir. 1973) (refusing to order entry of judgment on a lesser included offense where the defendant specifically rejected a lesser included offense instruction and the government chose to seek conviction on only the greater offense).

Other courts of appeals have held that a separate jury

29

instruction on a lesser included offense is not required as a prerequisite for exercising their authority under 28 U.S.C. § 2106.[5] *See, e.g., United States v. Smith*, 13 F.3d 380, 383 (10th Cir. 1993) (remanding for resentencing on the lesser included offense despite absence of a jury instruction); *United States v. Hunt*, 129 F.3d 739, 745-46 (5th Cir. 1997) (same); *United States v. Cobb*, 558 F.2d 486, 489 (8th Cir. 1977) (finding that a conviction for bank robbery by putting in jeopardy the life of any person by means of a dangerous weapon, which the court of appeals found was not supported by substantial evidence, did, nonetheless, establish each element for a conviction of the lesser

---

[5]Which provides: "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106.

included offense of bank robbery by force or violence, and remanding for resentencing on lesser included offense despite absence of a lesser included offense charge).

In *Allison v. United States*, 409 F.2d 445 (D.C. Cir.1969), the court engaged in a different analysis. There, rather than focusing on whether a lesser included offense charge was given, the court focused on the nature of the offenses involved and the prejudice to the defendant. The court construed 28 U.S.C. § 2106 as authorizing "federal appellate courts to modify a criminal judgment to that of a lesser included offense." *Id*. at 450-51. However, it emphasized "that the circumstances in which such authority may be exercised are limited." *Id*. at 451.

> It must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that

31

such evidence sufficiently sustains all the elements of the other offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused.

*Id*.

Petersen argues that his conviction for knowingly and intentionally possessing with intent to distribute more than 500 grams of cocaine is improper because, given the language of the indictment, he had a "reasonable expectation" that he would face liability only for a violation of the schoolyard statute and not for possession of cocaine with intent to distribute it. He claims that since he was only on notice that he was required to defend the schoolyard charge, a conviction for possessing with intent to distribute denied him due process. Under the rather unique circumstances here, that argument is without merit.

Count Two of the indictment clearly charges Petersen

32

with intentionally possessing more than 500 grams of cocaine with intent to distribute, in violation of § 841(a)(1). Thus, Petersen clearly knew that he had to defend against that charge and that charge has absolutely nothing to do with proximity to a schoolyard or § 860(a). Peterson could not possibly have thought that he only had to defend against possessing cocaine within 1000 feet of a schoolyard and that he need not be concerned with defending against any charge that he possessed cocaine with the intent to distribute. The very definition of the schoolyard offense (§ 860(a)), references and incorporates the latter offense, § 841(a)(1). The jury had to determine if Petersen was guilty of violating § 841(a)(1), in deciding guilt under § 860(a). Moreover, the use of the special jury interrogatory further removes the kind of risk that concerned the Supreme Court in *Keeble*.

His related argument that he suffered a due process deprivation because he prepared a defense against § 860(a) only and not § 841(a)(1) is similarly flawed; it also appears to be disingenuous. *See United States v. Brozyna*, 571 F.2d 742, 746 (2d Cir. 1978) (an indictment "required [defendant] to prepare to defend not only against the charge but also against whatever necessarily included offenses and attempts she could have been convicted of under Fed.R.Crim.P. 31(c).").

His overarching contention that the district court erred when it sustained his § 841(a)(1) conviction because the jury was never given a lesser included offense charge is therefore meritless under a somewhat modified *Allison* test.[6] The first prong of the *Allison* test involves the sufficiency of the evidence pertaining to the crime of conviction. That inquiry is

---

[6] We are not applying 28 U.S.C. § 2106.

inapplicable here because Petersen was not convicted of the §

860 schoolyard charge. However, the remainder of the *Allison*

inquiry is relevant to assessing what, if any, impact the failure

to give a lesser included offense charge had on the outcome of

Petersen's trial.

From the special verdict forms, it is clear that the jury

found that there was insufficient evidence to support a

conviction for violating § 860(a). Petersen does not argue that

there was insufficient evidence to support a conviction for a

violation of § 841(a)(1). As we explained earlier, § 841(a)(1)

is a lesser included offense of § 860(a); in fact, § 860(a)

specifically incorporates § 841(a)(1). Not only can Petersen not

establish any *undue* prejudice, it is clear from this record

(especially given the court's use of jury interrogatories) that he

can not establish *any* prejudice. Indeed, he does not claim that

35

he suffered any prejudice. Rather, he is claiming that he had a reasonable expectation that he would face liability only under § 860, and not under § 841(a)(1). However, as we have explained, that argument is without merit.

For all of the above reasons, we will affirm Petersen's judgment of conviction.

## B. Dorsett.

Dorsett also filed a motion for judgment of acquittal or, in the alternative, for a new trial, arguing, *inter alia*, that the district court's aiding and abetting jury charge was improper because it did not contain an adequate specific intent instruction. Dorsett now argues that the district court erred in denying that motion.[7]

---

[7]"Generally, we review the district court's refusal to give certain jury instructions under an abuse of discretion

(continued...)

Title 18 U.S.C. § 2(a) provides: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." To convict a person of aiding and abetting, "the government must prove [beyond a reasonable doubt]: (1) that the substantive crime has been committed; and (2) that the defendant charged with aiding and abetting knew of the commission of the substantive offense and acted with intent to facilitate it." *United States v. Soto*, 539 F.3d 191, 194 (3d Cir. 2008). "To establish liability for a crime based on an aiding and abetting theory, the government must prove that the underlying crime occurred and that the defendant knew of the crime and

---

[7](...continued)
standard although where, as here, the question is whether the jury instructions stated the proper legal standard, our review is plenary." *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995) (citation omitted).

37

attempted to facilitate it." *Gordon*, 290 F.3d at 547 (internal quotation marks and citation omitted). "The government must also prove that the defendant had the specific intent of facilitating the crime . . . mere knowledge of the underlying offense is not sufficient for conviction." *Id*. (citation and internal quotation marks omitted). "Specific intent requires not simply the general intent to accomplish an act with no particular end in mind, but the additional deliberate and conscious purpose of accomplishing a specific and prohibited result." *Pierre v. Att'y Gen.*, 528 F3d. 180, 189 (3d Cir. 2008).

At the charging conference, Dorsett asked the court to instruct the jury that: "An aider and abettor must have some interest in the criminal venture, and the prosecution must prove the defendant's intentional involvement in the crime with the specific intent of making the crime succeed, and his

38

participation in the commission of *every element* of the offense

as defined in these instructions."  Rather than give that

instruction, the court gave the following intent instruction:

> Evidence that a defendant was merely present during the commission of the offense is not enough for you to find a defendant guilty as an aider and abettor.

> In addition, . . . if the evidence shows that the defendant knew that the offense was being committed, or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid or otherwise associate himself with the offense, you may not find the defendant guilty of the offense as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense as something the defendant wished to bring about and make succeed.

Dorsett appears to be arguing that because we said in

*Gordon* that "[t]he government must . . . prove that the

defendant had the specific intent of facilitating the crime," 290

F.3d at 547, the aiding and abetting instruction must contain the words "specific intent."

His argument fails for two reasons. First, the district court used the Third Circuit's Model Criminal Jury Instructions § 7.02 for aiding and abetting. The district court's instruction on intent is taken verbatim from those model instructions. We have a hard time concluding that the use of our own model jury instruction can constitute error, and nothing that Dorsett says removes our doubt that use of such an instruction can constitute error. Moreover, Dorsett does not even contend that the model instruction is wrong. Second, we believe that the phrases "the defendant's intent and purpose to aid or otherwise associate himself with the offense" and "that the defendant in some way participated in the offense as something the defendant wished to bring about and make succeed" sufficiently informed the jury

40

that it had to find that Dorsett had the specific intent to aid and abet the crime charged in the indictment.

Accordingly, we will also affirm Dorsett's judgment of conviction.