**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-2733
_____

UNITED STATES OF AMERICA

v.

ERIC LAVAUGHN JOHNSON,
Appellant
_____

On Appeal from the United States District Court for the Eastern District Of Pennsylvania
District Court No. 09-cr-192-001
District Judge: The Honorable Legrome D. Davis

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 22, 2011

Before: FUENTES, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: June 29, 2011)

_____

OPINION
_____

FUENTES, *Circuit Judge.*

Following a jury trial, Eric Lavaughn Johnson was found guilty of knowing and

intentional possession of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1),

1

(b)(1)(A)(iii), and (b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Johnson was sentenced to a term of 197 months. Johnson appeals from the District Court's denial of his motion to suppress and his motion for judgment of acquittal. For the reasons below, we will affirm.[1]

## I.

Because we write solely for the parties, we will discuss only the facts and proceedings to the extent necessary for resolution of this case. On July 29, 2008, Pennsylvania state trooper Daniel Nilon pulled Johnson over for operating a motor vehicle at night without headlights. After effectuating the stop, Nilon observed that Johnson had "glassy eyes," appeared nervous, and was slouched down in his seat. JA 17-19. Nilon ran a check of Johnson's license and discovered that Johnson was on parole for murder. The trooper testified that, out of concern for his safety, he remained in his car and requested back up. While in his car, he noted that Johnson was speaking on his cell phone and observed Johnson's "arms reaching somewhere in the middle of the vehicle towards the consul or the dashboard." JA 25. After the other officers arrived, Nilon approached Johnson's car and observed that Johnson appeared more nervous than he had been earlier. He also noted that Johnson was sweating, avoiding eye contact, refusing to answer the officer's questions, and had slouched down even further in his seat. The trooper asked Johnson twice if there was "anything in the car [he] should know about."

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

JA 28. After the trooper asked the question for a third time, Johnson finally "turned his head back around and looked at [Nilon] briefly and said uh, umm, no there's no [sic] in the car." JA 28. Nilon ordered Johnson out of the vehicle and performed a field sobriety test, which Johnson failed. This led Johnson to be arrested for driving under the influence ("DUI"). Approximately 25 to 30 minutes passed between the traffic stop and the arrest.

After Johnson was arrested, Nilon discovered $1,120 in cash in small denominations in Johnson's wallet and pocket. Next, Johnson was handcuffed and placed in the patrol vehicle. According to Nilon's testimony, he then decided to request a canine unit for purposes of examining the exterior of the vehicle for evidence of a drug offense; the dog arrived approximately 20 minutes later. While examining the car, the dog signaled the presence of contraband. The car was impounded and the following day a search warrant was obtained and executed. The search of the car revealed a hidden compartment in the center console containing 442 bags of crack cocaine and heroin, a .40 caliber pistol, and 5 rounds of ammunition.

Johnson filed a motion to suppress, which the District Court denied following a hearing held on August 6, 2009. Trial commenced on November 13, 2009. Following the Government's case, Johnson moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. The District Court denied the Rule 29 motion, and Johnson was convicted on all counts. On June 8, 2010, Johnson was sentenced to a 197-month term of imprisonment.

## II.

**A.**

In support of his contention that the District Court erred in denying his motion to suppress, Johnson advances three arguments: (1) the trooper's reason for arresting him was pretextual; (2) after the arrest, "there was no need" for the trooper to request a canine unit; and (3) the trooper impermissibly extended the period of Johnson's arrest by waiting for the canine unit to arrive. We review "the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002) (citation omitted).

We are not persuaded by Johnson's challenges to the District Court's denial of his motion to suppress. In determining whether the traffic stop was constitutional, we "only look to whether specific, articulable facts produced by the officer would support reasonable suspicion of a traffic infraction." *United States v. Delfin-Colina*, 464 F.3d 392, 398 (3d Cir. 2006). In this case, Johnson's traffic violation provided reasonable suspicion for a traffic stop. *See United States v. Petersen*, 622 F.3d 196, 201 (3d Cir. 2010) ("[T]he Supreme Court [has] established a bright-line rule that any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime.") (internal citations and quotation marks omitted). Johnson's behavior during that stop then provided reasonable suspicion for further investigation of a drug offense, including administration of a sobriety test. *Cf. United States v. Givan,* 320 F.3d 452, 458 (3d Cir. 2003) ("After a traffic stop that was justified at its inception, an officer who develops a reasonable, articulable suspicion of criminal

4

activity may expand the scope of an inquiry beyond the reason for the stop and detain the vehicle and its occupants for further investigation."). The result of the field sobriety test provided Nilon with probable cause for a DUI arrest.

Johnson also argues that the canine unit was "no[t] need[ed]" given that, when it was requested, Johnson was already under arrest. Appellant Br. 12. In his view, Nilon's request unlawfully extended Johnson's detention for a traffic violation into a violation of the Fourth Amendment. Johnson also argues that Nilon lacked probable cause to search the inside of the vehicle, and that by "calling for a dog sniff" the officer revealed his "true intent" to "illegally search the vehicle." Appellant Br. 13.

This argument is unpersuasive. Whether the continued detention of Johnson for purposes of conducting a canine sniff of the vehicle was permissible hinges on whether there was reasonable suspicion—defined as "a particularized and objective basis"—for suspecting that Johnson was involved in additional criminal activity. *See United States v. Mathurin*, 561 F.3d 170, 174 (3d Cir. 2009) (internal citations and quotation marks omitted).[2] We conclude that, in light of the totality of the circumstances, including Johnson's arrest for DUI, his appearance and behavior during the stop, and the money found on his person, the officer's decision to request a canine unit to examine the car was supported by reasonable suspicion. To the extent that Johnson argues that there was no

_____

[2] Even assuming there was any merit to Johnson's argument that the stop and arrest was "pretextual," the officer's subjective intent does not figure into our reasonable suspicion analysis here. *See Whren v. United States*, 517 U.S. 806, 811-13 (1996). Rather, we focus on the presence of factors that give rise to a "particularized and objective basis" for detaining a person, viewed from "the standpoint of an objectively reasonable police officer." *Ornelas v. United States*, 517 U.S. 690, 696 (1996) (internal citations and quotation marks omitted).

probable cause for the subsequent search of the vehicle, we reject that argument as well.[3]

Once the canine sniff yielded a positive hit, the officer had probable cause for a search of

the interior of the vehicle. *United States v. Pierce*, 622 F.3d 209, 213 (3d Cir. 2010)

("[L]ooking at the totality of the circumstances, a dog's positive alert while sniffing the

exterior of the car provides an officer with the probable cause necessary to search the car

without a warrant."). In this case, the car was actually impounded and searched pursuant

to a valid search warrant, which Johnson has not challenged on appeal.

We also hold that the length of the traffic stop, arrest, and delay caused by the wait

for the canine unit did not offend the Fourth Amendment, particularly since there was no

evidence that the trooper was not diligent in pursuing this means of investigation. *See*

*United States v. Burton*, 288 F.3d 91, 102 (3d Cir. 2002) (30 to 45 minute delay not

unreasonable where there was no evidence that officers "proceeded less than diligently"

in requesting canine unit); *United States v. Frost*, 999 F.2d 737, 742 (3d Cir. 1993) (80-

minute delay not unreasonable under *United States v. Place*, 462 U.S. 696 (1983)).

**B.**

Johnson's second claim on appeal is that the District Court erred in denying his

motion for judgment of acquittal. He maintains that a judgment of acquittal is warranted

because the Government did not prove beyond a reasonable doubt that Johnson knew that

the vehicle had a hidden compartment and that the compartment contained a gun and

illegal drugs.

---

[3] As Johnson recognizes, it is well-settled law that the canine sniff itself does not
constitute a search. *See, e.g.*, *United States v. Place*, 462 U.S. 696, 708 (1983).

We exercise plenary review over the denial of a judgment of acquittal and apply the same standard a district court utilizes in deciding the motion. *United States v. Brodie,* 403 F.3d 123, 133 (3d Cir. 2005). Therefore, we review the sufficiency of the evidence in the light most favorable to the Government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Cunningham,* 517 F.3d 175, 177 (3d Cir. 2008). "We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence." *United States v. Dent,* 149 F.3d 180, 187 (3d Cir. 1998).

At trial, the Government presented substantial, albeit circumstantial, evidence that Johnson possessed the requisite knowledge, including the following evidence: (1) the fact that Johnson was the driver and only person in the vehicle when it was stopped; (2) testimony from the arresting officer about Johnson's suspicious behavior during the traffic stop; (3) evidence that the alterations to the console were plainly visible and would have been obvious to someone sitting in the driver's seat; and (4) testimony from Johnson's girlfriend that the defendant was the only individual who regularly drove the car during the two months preceding his arrest. In light of the record and our obligation to view the evidence in the light most favorable to the Government, we conclude that a rational trier of fact could have found the essential elements of charged offenses beyond a reasonable doubt.

### III.

Accordingly, we will affirm the sentence of the District Court.