NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2245
_____

MARIE CANGE,

Appellant
v.

PHILADELPHIA PARKING AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cv-03480)
District Judge:  The Honorable Thomas N. O'Neill, Jr.

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2011

BEFORE:  SLOVITER, SMITH, and NYGAARD, *Circuit Judges*

(Filed: November 15, 2011)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Appellant Marie Cange sued her employer, the Philadelphia Parking Authority,

alleging discrimination based on national origin.  The matter proceeded to trial.  The jury

unanimously agreed that Cange had not proven by a preponderance of the evidence that

her national origin was a determinative factor in the PPA's decision to terminate her

employment. However, the jury deadlocked on the question of whether Cange had proven by a preponderance of the evidence that her national origin was a motivating factor in the PPA's decision to fire her. Pursuant to Federal Rule of Civil Procedure 50(b), the District Court granted judgment as a matter of law to the PPA. Cange timely appealed.

## I.

Because we write primarily to explain our decision to the parties, who are of course familiar with the background of this case, we set forth only those facts and points of procedural history that are of central relevance to our decision. Cange filed a complaint against her former employer, the PPA, alleging discrimination based on national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d and 2000e, the Civil Rights Act of 1991, Pub. L. 102-166, 105 Sta. 1071 (Nov. 21, 1991), and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 *et seq*. Cange, who is Haitian by national origin, worked as a parking lot cashier at the Philadelphia International Airport, and was fired after a random review of video surveillance showed her sleeping while on duty.

This matter proceeded to trial, with the District Court instructing the jury that Cange could prove her case using either a mixed-motive or pretext theory of discrimination. The jury unanimously found that Cange had failed to prove pretext and she has not appealed that finding. The jury deadlocked, however, on the question of whether Cange's national original was one of the motivating factors in the PPA's termination decision. After dismissing the jury, the District Court took up the PPA's

2

motion for judgment as a matter of law. Finding Cange's evidence to be "critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief," the District Court granted the PPA's motion. *See* FED.R.CIV.P. 50(b); *see also Raiczyk v. Ocean County Veterinary Hosp.,* 377 F.3d 266, 268 (3d Cir. 2004).

## II.

At trial, the PPA objected to the mixed motive instruction. The District Court overruled that objection, gave the mixed-motive instruction, but reversed its ruling in deciding the Rule 50(b) motion and sustained the PPA's objection. "Generally, we review the district court's refusal to give certain jury instructions under an abuse of discretion standard although where ... the question is whether the jury instructions stated the proper legal standard, our review is plenary." *United States v. Petersen*, 622 F.3d 196, 207 n. 7 (3d Cir. 2010) (internal quotation omitted). We exercise plenary review over a district court's decision to grant a motion for judgment as a matter of law under Rule 50(b). *Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 200 (3d Cir. 1996). In determining whether this motion for judgment as a matter of law was properly granted, we must "inquire whether there is any legally sufficient evidentiary basis for a reasonable jury to find for [Cange]." *Weisgram v. Marley Co.*, 528 U.S. 440, 453-54 (2000) (internal quotations omitted). In making this determination, we "must draw all reasonable inferences in favor of [Cange], and [we] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "[t]he question is not whether there is literally no evidence supporting the party against whom the [Rule 50(b)] motion is directed but whether there is evidence

3

upon which the jury could properly find a verdict for that party." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993) (citing *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978)).

Whether we review this appeal through the prism of the propriety of the actual jury instruction, or the District Court's decision on the Rule 50(b) motion, the analysis is the same. The determinative question is whether any reasonable juror could find that Cange's evidence is sufficient to demonstrate that her national origin was one of the motivating factors in the PPA's decision to terminate her. The District Court found her evidence insufficient and we agree. We will, therefore, affirm.

III.

A plaintiff may base her claim of discrimination on a mixed-motive theory by showing that an adverse employment decision was based on both legitimate and illegitimate reasons. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 240–42 (1989). A mixed-motive plaintiff is not required to present direct evidence to prove that discrimination was a motivating factor. *See Desert Palace*, 539 U.S. at 92. In *Desert Palace*, the Supreme Court held that to establish a jury question of a Title VII violation "a plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that 'race, color, religion, sex, or national origin was a motivating factor for any employment practice.' " *Id*. at 101. Thus, a plaintiff who can present only circumstantial evidence of discrimination may proceed under the mixed-motive theory. *See id*. However, even under the mixed-motive theory, a plaintiff must produce some evidence of discrimination. *Desert Palace*, 539 U.S. at 99 (the plaintiff

4

still must "prove [her] case by a preponderance of the evidence using direct or circumstantial evidence") ( citing *Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 n. 3 (1983)). This requires a showing that the defendant took an adverse employment action against the plaintiff, and that [national origin] was a motivating factor for the defendant's action. *See Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008). A defendant in a mixed-motive case has a limited affirmative defense if it can "demonstrate that it would have taken the same action in the absence of the impermissible motivating factor." *Id.*

The District Court did not err by rescinding its mixed-motive instruction. Quite simply, this is not a mixed-motive case. Cange prosecuted her claims under the pretext theory. Nowhere on this record does Cange argue that there were both legitimate and illegitimate reasons for her termination. Indeed, the PPA does not raise a mixed-motive defense. Our review of the record convinces us that Cange has always prosecuted her claims under a pretext theory of discrimination, consistently arguing that discrimination can be inferred from the PPA's disparate treatment of other employees. Recalling that the jury unanimously found no pretext, there is no inference of discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–08 (1993). Without an inference that Cange's national origin motivated her employer's action, there was no basis for the District Court to apply a mixed-motive analysis, as the District Court itself recognized when it rescinded its mixed-motive jury charge.

Even were we to determine that Cange prosecuted her discrimination claims under a mixed-motive theory, we agree with the District Court that her evidence was

insufficient. *See, e.g., Lightning Lube, Inc.,* 4 F.3d at 1166. Cange presented no direct evidence to suggest that her national origin was a motivating factor in her termination. To the extent that Cange attempted to claim discrimination through circumstantial evidence of the PPA's treatment of other employees, we find no fault with the District Court's conclusion that there was insufficient evidence. To suggest that Cange's national origin was a motivating factor in her supervisor's decision to terminate her employment, she points to the treatment of two other employees, Kim Earland and James Aria. The record reveals, however, significant factors that distinguished Cange's case from Earland's and Aria's. The evidence showed, for example, that Aria was asleep while on break – Cange admitted that she was sleeping while on duty. In Earland's case, the PPA could not conclusively determine that she was asleep while on duty. In pointing to the treatment received by these two individuals, Cange does not highlight evidence that would permit a reasonable jury to find her national origin to be a motivating factor in her ultimate termination.

Having considered the entire record here, we conclude that Cange was unable to identify a similarly situated comparator. She, therefore, presented insufficient evidence to permit a jury to find that her national origin was a motivating factor in her employment termination.

IV.

Lastly, Cange challenges the District Court's admission of evidence concerning the PPA's termination of Michael Davis, a non-Haitian, white employee who was fired for sleeping on the job. Cange argued that the District Court's admission of this evidence

6

was improper because Davis' supervisor was different from Cange's. We typically review such challenges to the admission of evidence for an abuse of discretion. *See, e.g., Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1342 (3d Cir. 2002). Here, however, Cange never objected at trial to the admission of this evidence on this basis. True enough, at trial she did object in a motion in limine to the admission of the Davis evidence, but she only argued that such evidence should be excluded because the PPA did not timely disclose its existence. She never voiced an objection to the admission of the evidence because it was irrelevant or unduly prejudicial. "Our Circuit adheres to a well established principle that it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court." *Lloyd v. HOVENSA*, 369 F.3d 263, 272–73 (3d Cir. 2004) (quoting *In re City of Phila. Litig.*, 158 F.3d 723, 727 (3d Cir. 1998)). Because the District Court was never given an opportunity to consider Cange's substantive objections to this evidence, we will not consider those arguments now.

V.

Accordingly, for the reasons stated herein, we will affirm the judgment of the District Court.