# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-2695

UNITED STATES OF AMERICA

v.

BROCK COCHRAN,
Appellant

———————————————

Appeal from the U.S. District Court, W.D. Pa.
Judge Robert J. Colville, No. 2:21-cr-00306-001

———————————————

Before: RESTREPO, MCKEE, and AMBRO, *Circuit Judges*
Submitted Under Third Circuit L.A.R. 34.1(a) on Nov. 14, 2025
Decided Apr. 14, 2026

———————————————

NONPRECEDENTIAL OPINION[*]

RESTREPO, *Circuit Judge*.  Brock Cochran appeals his judgment of sentence, claiming that the District Court erroneously designated him a career offender under United States Sentencing Guidelines § 4B1.1.  For the following reasons, we will affirm.

## I.

On December 21, 2023, Cochran pleaded guilty to attempted possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and possession with intent to distribute a quantity of a mixture and

———————————————

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The United States Probation Office prepared a Presentence Report that designated Cochran a career offender under U.S.S.G. § 4B1.1. Cochran objected to the career offender designation, arguing that his state conviction for aggravated assault with a deadly weapon under 18 Pa. C.S. § 2702(a)(4) was not a "crime of violence" under U.S.S.G. § 4B1.2(a).[1] After briefing, the District Court overruled the objection and upheld the career offender designation. On October 30, 2024, Cochran was sentenced to 105 months in prison and four years of supervised release.

Cochran timely appealed. He contends, as he did below, that his aggravated assault conviction cannot constitute a "crime of violence" as defined in U.S.S.G. § 4B1.2(a) because the conviction was predicated on a theory of accomplice liability.

## II.[2]

We exercise plenary review when considering whether a prior conviction constitutes a crime of violence for purposes of the career offender guideline. *United States v. Brown*, 765 F.3d 185, 188 (3d Cir. 2014).

## A.

Under U.S.S.G. § 4B1.1(a), a defendant is a "career offender" if "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2)

---

[1] Cochran also argued that his 2013 conviction for possession with intent to deliver cocaine was not a "controlled substance offense" under U.S.S.G. § 4B1.2. He does not raise this issue on appeal.

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

the instant offense . . . is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.2(a) defines "crime of violence" as any federal or state offense "punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."[3] U.S.S.G. § 4B1.2(a)(1). This clause is known as the "elements clause."[4] *United States v. Ramos*, 892 F.3d 599, 605 (3d Cir. 2018).

To determine whether an offense qualifies as a crime of violence, we apply the categorical approach, or, when appropriate, the modified categorical approach. Either approach requires us to "compare the elements of the statute under which the defendant was convicted to the [G]uidelines' definition of crime of violence." *Id.* at 606 (quoting *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). When applying the categorical approach to the elements clause, we ask "whether the use, attempted use, or threatened use of physical force against another person is categorically an element of the offense of

---

[3] In 2023, U.S.S.G. § 4B1.2(d) was amended to clarify that "crime of violence" includes "aiding and abetting" offenses. U.S.S.G. § 4B1.2(d) (U.S. Sent'g Comm'n 2023). Cochran's charged offense conduct occurred in June 2021, before the 2023 amendment. However, because Cochran's aggravated assault conviction constitutes a "crime of violence" under § 4B1.1 irrespective of the 2023 amendment, it makes no difference whether we rely on the 2018 version of the Guidelines in effect at the time of the charged conduct or the 2023 version in effect at the October 30, 2024 sentencing.

[4] Section 4B1.2(a) also contains an "enumerated offenses clause," which defines crime of violence by reference to specific violent offenses, including aggravated assault. U.S.S.G. § 4B1.2(a)(2). We conclude that Cochran's aggravated assault conviction is a crime of violence under the elements clause, so we do not address the enumerated offenses clause.

conviction." *Id.* If the statute of conviction is "divisible," we use the modified categorical approach. *Id.* at 606–07. A "divisible" statute is one that "comprises multiple, alternative versions of the crime." *Descamps v. United States*, 570 U.S. 254, 262 (2013). Under the modified approach, we "look beyond the statute of conviction . . . . to identify the specific statutory offense that provided the basis for the prior conviction." *Ramos*, 892 F.3d at 607.

There is no dispute that the modified categorical approach applies here. *See id.* at 609–10 (holding that Pennsylvania's aggravated assault statute, 18 Pa. C.S. § 2702, is divisible and applying the modified categorical approach). Furthermore, we held in *Ramos* that 18 Pa. C.S. § 2702(a)(4)—the specific provision under which Cochran was convicted—qualifies as a crime of violence under the elements clause because it "categorically has 'physical force' as an element." *Id.* at 611.

Therefore, the only issue before us is whether the fact that Cochran was convicted under § 2702(a)(4) as an accomplice, rather than a principal, should change this outcome. It does not. Although no case in this Circuit addresses this precise question, *United States v. Stevens* provides a useful framework. 70 F.4th 653 (3d Cir. 2023). In *Stevens*, we held that a conviction for Hobbs Act robbery premised on a theory of accomplice liability qualified as a "crime of violence" under the elements clause in 18 U.S.C. § 924(c).[5] 70 F.4th at 661–62. *Stevens* involved a federal offense, so we grounded our holding in a

---

[5] Section 924(c) punishes "any person who, during and in relation to any *crime of violence* . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A) (emphasis added). It contains an elements clause that defines "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" *Id.* § 924(c)(3)(A); *see Stevens*, 70 F.4th at 661.

4

reading of 18 U.S.C. § 2, the federal aiding and abetting statute. As interpreted by this Court, § 2 requires the government to prove "(1) that the *substantive crime has been committed*; and (2) that the defendant charged with aiding and abetting knew of the commission of the substantive offense and acted with intent to facilitate it." *Id.* at 661 (quoting *United States v. Petersen*, 622 F.3d 196, 208 (3d Cir. 2010)). We reasoned that "[u]nder § 2, where the underlying substantive offense includes, as an element, the use of physical force, that same physical force is necessarily an element of aiding and abetting liability." *Id.* at 661–62. Because the force required to commit a Hobbs Act robbery satisfied the § 924(c) elements clause, the force required for aiding and abetting a Hobbs Act robbery necessarily did so as well. *Id.* at 662. It did not matter whether the "physical force" came from the abettor himself. *Id.*

Similar reasoning applies to the Pennsylvania accomplice liability statute. Under Pennsylvania law, "[a] person is an accomplice of another person in the commission of an offense if: (1) with the intent of promoting or facilitating the commission of the offense, he: (i) solicits such other person to commit it; or (ii) aids or agrees or attempts to aid such other person in planning or committing it." 18 Pa. C.S. § 306(c). "An accomplice may be convicted on *proof of the commission of the offense* and of his complicity therein," even if the principal is not charged or convicted. *Id.* § 306(g) (emphasis added); *see Commonwealth v. Brown*, 375 A.2d 331, 333–34 (Pa. 1977) (referring to "the necessity of proving the commission of the crime as an element of liability of the accomplice" (quoting Model Penal Code § 2.04(6) cmt. (A.L.I., Tent. Draft No. 1, 1953))). Accordingly, as in the federal regime, accomplice liability carries the same force element as the underlying

5

substantive offense. Because we have already held that the force required for a § 2702(a)(4) conviction satisfies the elements clause, the force required for a § 2702(a)(4) conviction predicated on accomplice liability is "necessarily also sufficient." *Stevens*, 70 F.4th at 662; *see Ramos*, 892 F.3d at 611.

Cochran raises a litany of counterarguments that are underdeveloped and lack merit. We address two points here. First, while Cochran is correct that an offense requiring mere recklessness is not a crime of violence, *see United States v. Quinnones*, 16 F.4th 414, 420 (3d Cir. 2021), his aggravated assault conviction is not one such offense, *see Ramos*, 892 F.3d at 612. Under Pennsylvania law, "[w]hen causing a particular result is an element of an offense," an accomplice must "act[] with the kind of culpability . . . that is sufficient for the commission of the offense." 18 Pa. C.S. § 306(d); *Commonwealth v. Roebuck*, 32 A.3d 613, 622–23 (Pa. 2011) ("[T]he required culpability [for accomplice liability] derives from the mental state required for liability of a principal . . . ."). And § 2702(a)(4) requires that a defendant act "intentionally or knowingly," not recklessly. 18 Pa. C.S. § 2702(a)(4). Second, Cochran's attempt to construe accomplice liability as a "lesser included offense of conspiracy" erroneously conflates two forms of liability under Pennsylvania law. Appellant Br. 15; *see Roebuck*, 32 A.3d at 623–24 (distinguishing between conspiracy and accomplice liability). *United States v. Abreu*, which held that conspiracy is not a crime of violence under the Guidelines, is thus inapplicable here. 32 F.4th 271, 278 (3d Cir. 2022). At bottom, Cochran's conviction under § 2702(a)(4) predicated on a theory of accomplice liability is a crime of violence under § 4B1.1.

6

**B.**

We briefly address an alternative path to the same conclusion, which formed the basis for the District Court's decision. In *Gonzales v. Duenas-Alvarez*, the Supreme Court held that aiding and abetting theft qualified as a predicate "theft offense" under the Immigration and Nationality Act, unless the defendant could show that there was something "special" about his jurisdiction's accomplice liability doctrine. 549 U.S. 183, 191 (2007). Other circuits have employed the *Duenas-Alvarez* test to determine whether a state conviction premised on accomplice liability qualifies as a crime of violence under the Guidelines. *See United States v. Carr*, 107 F.4th 636, 664–65 (7th Cir. 2024); *United States v. Yackel*, 990 F.3d 1132, 1137–38 (8th Cir. 2021). Cochran makes no effort to argue that Pennsylvania's accomplice liability statute is "special" within the meaning of *Duenas-Alvarez*. He does not contend, let alone demonstrate, that Pennsylvania applies the statute to conduct that "falls outside the generic definition" of a crime. *Duenas-Alvarez*, 549 U.S. at 193. Consequently, we agree with the District Court that Cochran has not made the requisite showing under the *Duenas-Alvarez* framework.

* * * * *

For the foregoing reasons, we will AFFIRM.

7