NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2540
_____

UNITED STATES OF AMERICA

v.

JEVON LEWIS,
a/k/a V, a/k/a COOL V, a/ka VON

Jevon Lewis,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 06-cr-00076-1
(Honorable Joseph E. Irenas)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2011

Before: SLOVITER, SCIRICA and SMITH, *Circuit Judges*.

(Filed: October 11, 2011 )
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Jevon Lewis was one of three co-defendants tried and convicted in federal court

for participating in an extensive drug-trafficking conspiracy based out of Camden, New

Jersey. All three defendants filed appeals, and we decide each in separate opinions. This opinion addresses Lewis's appeal. The jury found Lewis guilty of conspiracy to traffic drugs and of two murder charges related to the conspiracy. Lewis challenges his convictions contending the court erred: (1) in failing to give the jury his proffered "buy-sell" instruction; (2) in failing to grant a mistrial after a government witness gave testimony that arguably violated the Confrontation Clause; (3) in making improper evidentiary rulings; and (4) in imposing an unreasonably lengthy sentence. Lewis also contends there was insufficient evidence to support his convictions. We will affirm.

## I.

We recite the facts relevant to this appeal in the companion case, *United States v. Judge*, No. 09-2248 (3d Cir. October 11 , 2011).

## II.

After a two month trial, the jury found Lewis guilty on three counts: conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, under 21 U.S.C. §846 and §841(b)(1)(A); murder in furtherance of a drug-trafficking conspiracy, under 21 U.S.C. §848(e)(1)(A); and murder in the course of a firearms offense, under 18 U.S.C. §924. "[W]e must view the evidence in the light most favorable to the government and must sustain the jury's verdict if a reasonable jury believing the government's evidence could find guilt beyond a reasonable doubt." *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010) (internal quotation marks and citation omitted). In conducting such review, we are "ever vigilant . . . not to usurp the role of the jury by

weighing credibility and assigning weight to the evidence." *United States v. Wise*, 515 F.3d 207, 214 (3d Cir. 2008) (internal quotation marks and citation omitted).

There was ample evidence to support all three convictions. With respect to the conspiracy conviction, numerous witnesses testified that Lewis ran "drug sets," areas known for drug sales, throughout Camden, including a flagship set at 8th and Central Streets. Trevor Smith, a member of the "MOB Boys," testified about a time Lewis cooked a bad batch of crack cocaine and admitted he was embarrassed. Troy Clark, another MOB Boy, testified to lending Lewis a few ounces of cocaine on consignment in 2001, to help him "get back on his feet" as a drug dealer after being released from jail. Raymond Morales, a cooperating witness for the government, admitted to supplying Lewis with hundreds of kilograms of cocaine during the times alleged in the indictment.

With respect to the two murder counts, there was also sufficient evidence demonstrating Lewis's guilt. Morales testified to paying Lewis $10,000 in cancelled drug debts to have Kenneth Fussell killed, and he told the jury that after the murder, Lewis reported "his boy" had carried it out. Circumstantial evidence showed Lewis arranged for Ahmed Judge's bail but took steps to hide his assistance. Nasser Perez testified Lewis knew intimate details of Fussell's killing.

Lewis attempts to refute the evidence against him contending many of the government's witnesses were not credible, given their criminal histories. But credibility is a jury question. *Wise*, 515 F.3d at 214 ("The essence of the defendants' challenge to the sufficiency of the evidence is that the witnesses who testified against them were not

credible because they were all drug users. However, it is not our role to weigh the credibility of witnesses. . . . Given that constraint, a review of the record reveals that the evidence is more than sufficient to sustain the verdicts."). Accordingly, when considered in the light most favorable to the government, the evidence was more than sufficient to prove Lewis's guilt on all three counts.

In the alternative, Lewis argues we should grant him a new trial "in the interest of justice." He claims the verdict was against the weight of the evidence. Lewis made this argument before the District Court in a Rule 33 motion, *see* Fed. R. Crim. P. 33 ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."), which the court denied. We review for abuse of discretion. *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002).

The court did not abuse its discretion. Rule 33 requests for a new trial "are not favored and should be 'granted sparingly and only in exceptional cases.'" *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (citation omitted). While a district court can grant a Rule 33 motion if it finds the jury's verdict "contrary to the weight of evidence," it should do so "only if it 'believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted.'" *Johnson*, 302 F.3d at 150 (citation omitted). Here, Lewis failed to highlight any "serious danger that a miscarriage of justice ha[d] occurred." His core argument was that because the government's case depended heavily on cooperating witnesses, the court should revisit the record and vacate the jury's findings. Lewis enjoyed ample opportunities to impeach

4

the government's witnesses at trial, and the jury was entitled to rely on their testimony. The court's rejection of Lewis's Rule 33 motion was proper.

III.

Lewis contends the court erred in denying his request for a "buy-sell" jury instruction to support his "mere buyer" defense theory. Lewis requested an instruction stating, "[T]he mere agreement of one person to buy what another agrees to sell, standing alone, does not support a conspiracy conviction." We review for abuse of discretion. *See United States v. Petersen*, 622 F.3d 196, 207 n.7 (3d Cir. 2010).

The court did not abuse its discretion in refusing to give a buy-sell instruction. A defendant is entitled to a jury instruction on a defense theory when that theory "is supported by the evidence" in the record, is not already part of the judge's intended charge, and "the failure to include [such an] instruction . . . would deny [the defendant] a fair trial." *United States v. Hoffecker*, 530 F.3d 137, 176 (3d Cir. 2008) (internal quotation marks and citation omitted). Although the court gave no reasons on the record, it is clear Lewis was not entitled to the charge.[1] First, there was no evidence at trial that Lewis "was a mere purchaser of drugs for personal use and not an active participant in the conspiracy." *United States v. Mitchell*, 596 F.3d 18, 24 (1st Cir. 2010). Morales testified to selling large quantities of cocaine to Lewis over several years (up to 25 kilograms a month), often by "front[ing]" the drugs on credit. Clearly, Lewis was not a

---

[1] Lewis's counsel filed a motion on February 21, 2008 requesting a buy-sell charge. The court circulated draft jury instructions on February 27 and held a charging conference on February 28. The conference was off the record.

"one time participant" in Morales's drug transactions. *See United States v. Boone*, 279 F.3d 163, 192 (3d Cir. 2002) (affirming the denial of defendant's request for a "single transaction" instruction because the evidence showed defendant was "a member of an ongoing conspiracy; not a one-time participant"). Furthermore, the court's jury charge stated that if the government failed to prove Lewis "was a member of the conspiracy charged in the indictment," and the jury found Lewis only a purchaser of drugs or "a member of a separate conspiracy other than the one charged," the jury must enter "not guilty" on the conspiracy count. *See United States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007) ("[A]n adequate instruction on the law of conspiracy precludes the necessity of giving a buyer-seller instruction . . .").

IV.

Next, Lewis contends the court erred in failing to declare a mistrial after a government witness, Jermaine Coleman, gave testimony that arguably ran afoul of the Confrontation Clause. On direct examination, Coleman stated Ahmed Judge–a co-defendant with Lewis on both the conspiracy and murder charges–admitted to killing Kenneth Fussell because he "had to put in some work for V." "V" was a nickname for Jevon Lewis. Lewis moved for a mistrial, which the court denied. We exercise plenary review over challenges that implicate the Confrontation Clause, and if we find a violation occurred, we consider whether the error was harmless beyond a reasonable doubt. *United States v. Lore*, 430 F.3d 190, 208-09 (3d Cir. 2005).

6

We need not reach whether Coleman's testimony ran afoul of the Confrontation Clause,[2] because any error in admitting such testimony was harmless. Coleman's mentioning Lewis when relating Judge's remarks was fleeting and indirect. Coleman said the name "V" once during a lengthy narrative answer, and the government refrained from referring to that testimony again during trial. Also, Coleman's description of Lewis's involvement was vague. He recounted Judge saying, "I had to put in some work for V." This was not a direct assertion (by Judge) that Lewis ordered Fussell's murder. Given the magnitude of the evidence presented against Lewis and the fleeting and indirect nature of Coleman's testimony, the prejudicial impact was minimal, if any, and any error harmless. *See United States v. Jimenez*, 513 F.3d 62, 78-79 (3d Cir. 2008) (holding that "[a]ny *Crawford* violation . . . was harmless beyond a reasonable doubt" given the cumulative nature of the evidence and the corroborating evidence); *United States v. Hinton*, 423 F.3d 355, 362 (3d Cir. 2005) (holding a Confrontation Clause violation was harmless error because "the jury verdict . . . would have been the same . . . had [the constitutionally unsound] statements not been admitted").

V.

Lewis contends the court made ten erroneous rulings to admit evidence that should have been barred under the Fed. R. Evid., and each caused him sufficient prejudice to

---

[2] Co-conspirator statements are generally deemed "non-testimonial" and do not trigger a defendant's rights under the Confrontation Clause. *Giles v. California*, 554 U.S. 353, 374 n.6 (2008); *see also Crawford v. Washington*, 541 U.S. 36, 56 (2004) ("Most of the hearsay exceptions covered statements that by their nature were not testimonial – for example, . . . statements in furtherance of a conspiracy."). We decline to reach whether Coleman's testimony about Judge's remarks qualified as a co-conspirator statement.

warrant a new trial.  We review for abuse of discretion.[3]  *United States v. Starnes*, 583

F.3d 196, 213-14 (3d Cir. 2009). All of Lewis's challenges lack merit.

First, Lewis claims the court erred in admitting testimony by Troy Clark about a

rumor on the streets alleging Raymond Morales had not killed Torey Bussie. Lewis

claims the rumor was inadmissible hearsay, and prejudicial because it lent credibility to

Morales, a key government witness. Even if inadmissible hearsay, any error was

harmless. We find it highly improbable that Clark's brief reference to a rumor about

Morales's lack of involvement in the Bussie murder contributed to the jury's verdict

against Lewis.

Second, Lewis contends the court erred in allowing Troy Clark to testify about

seeing Lewis and co-defendant Mack Jones "puttin together . . . a business transaction" in

a bar, violating Fed. R. Evid. 701. Lewis argues Clark's opinion was too conclusory to be

"rationally based on the perception of the witness." Fed. R. Evid. 701(a). We disagree.

Clark directly observed Lewis and Jones and given his personal knowledge of both,

determined they were arranging a "business transaction." The court did not abuse its

discretion in admitting Clark's testimony as a lay opinion.

---

[3] When a defendant has not preserved his objection, we review for plain error. *United States v. Rivas*, 493 F.3d 131, 136 (3d Cir. 2007). The government urges we use plain error review for several of Lewis's challenges–namely, his challenge to Troy Clark's testimony about the rumor concerning Torey Bussie (the first challenge reviewed below); his challenge to Sergeant Wysocki's expert testimony (the third challenge reviewed below); and his challenge to Morales's testimony about the shooting of Walter (the tenth challenge reviewed below). The government alleges Lewis made only "general objections" on such points and thereby failed to preserve his claims. We find the grounds for Lewis's objections sufficiently "apparent from the context," *see* Fed. R. Evid. 103(a)(1), and so review for abuse of discretion.

Third, Lewis claims the court erred in admitting Sergeant Joseph Wysocki's testimony about working with the FBI on "investigations of drug-related murders in and around Camden." Lewis contends this testimony was prejudicial, because it suggested Fussell's murder had been "drug related," and the prejudice outweighed any probative value under Fed. R. Evid. 403. We disagree. There was considerable evidence–much of it not contradicted by Lewis –demonstrating Morales arranged for Fussell's murder for "drug-related" reasons. Wysocki's brief comment on this point was minor and cumulative. The court did not abuse its discretion in admitting Wysocki's testimony under Rule 403.

Fourth, Lewis claims he must be awarded a new trial because the court erred in allowing Karah Moore to testify about a telephone call between Lewis and Ronnie Lopez. Lewis argues Moore's "interpretation" of the phone conversation was speculative because Moore had not been on the call. The court admitted the testimony over Lewis's objection because it concluded Moore had sufficient personal knowledge of the conversation, given that he was sitting next to Lewis throughout the call, could hear Lewis's end, and joined at one point by taking the phone out of Lewis's hand. The admission of the testimony was not an abuse of discretion.

Fifth, Lewis argues the court erred in allowing one of the MOB Boys, Bernard Murray, to refer to various persons in Camden as "soldiers" of Jevon Lewis.[4] Lewis objected to this characterization at trial, and he argues the testimony should not have been

_____

[4] Troy Clark had testified the term "soldier" in the parlance of Camden drug dealers meant a "young boy . . . who might sell for you on the set."

9

allowed because it was speculative and prejudicial. Again, we find no abuse of discretion. The court admitted Murray's description because it believed Murray's years as drug dealer in Camden provided him a sufficient foundation for his opinion.

Sixth, Lewis argues the court erred in denying his motion to preclude Troy Clark from testifying about a conversation Clark had with Ahmed Judge and Jamar Bacon in mid-2001, during which Judge and Bacon allegedly complained to Clark that Lewis "was stretchin" his cocaine. The court did not abuse its discretion in admitting Clark's testimony because that testimony satisfied the co-conspirator exemption to the hearsay rule.[5] *See* Fed. R. Evid. 801(d)(2)(E). To admit testimony under 801(d)(2)(E), a court must find by a preponderance of the evidence: (1) a conspiracy existed, in which the declarant and the party against whom the statement is offered were members, and (2) the statement was made in the course of and in furtherance of the conspiracy. *United States v. Vega*, 285 F.3d 256, 264 (3d Cir. 2002). Here, the court had more than adequate evidence to determine a conspiracy to traffic drugs existed in 2001 among Judge, Bacon and Lewis. The court also had reason to construe Bacon and Judge's complaint to Clark as furthering the conspiracy because their goal appeared to be securing a new source of cocaine and thus benefitting the collective operation.

---

[5] The court's basis for denying Lewis's motion to exclude Clark's testimony does not appear in the record. Neither party cites to the record when discussing this issue. Nonetheless, because both parties analyze Clark's testimony with reference to the co-conspirator exemption under Rule 801(d)(2)(E), we assume the court premised its decision on that rule.

Seventh, Lewis argues the court erred in allowing Karah Moore to testify about a statement by Dinell Reed in which Reed admitted to killing Torey Bussie. Lewis contends Moore's testimony was hearsay, and prejudicial because it undercut his effort to prove Morales was Bussie's killer. The court did not abuse its discretion. The court admitted Moore's testimony as a statement against penal interest under Fed. R. Evid. 804(b)(3). There was no error, because Reed's statement to Moore was "sufficiently self-inculpatory" to bear the hallmark of reliability as required by the rule, *see United States v. Moses*, 148 F.3d 277, 281 (3d Cir. 1998), and was "not simply [a] self-serving attemp[t] to deflect criminal liability." *United States v. Mussare*, 405 F.3d 161, 168 (3d Cir. 2005).

Eighth, Lewis claims the court erred in admitting "evidence of other crimes" committed by Lewis, separate from those in the indictment, in contravention of Fed. R. Evid. 404(b). Lewis points to three episodes of "other crimes" evidence: testimony by Trevor Smith about Lewis's cocaine sales in the early 1990s, testimony by Karah Moore about Lewis's robberies and fights as a child, and testimony by Karah Moore about an aborted drug deal arranged by Lewis. Even assuming all the challenged testimony relates to crimes outside the indictment, which the government contests, we find any error under Rule 404(b) was harmless. Smith's testimony about Lewis's activities in "the early 1990s," Moore's testimony about Lewis's "little kid robberies" and "little ki[d] fightin," and Moore's testimony about an aborted drug deal, was each inconsequential in light of the considerable evidence of Lewis's drug-trafficking activities with the Raymond

11

Morales Organization between 1993 and 2004. *See United States v. Isler*, 429 F.3d 19, 26 (1st Cir. 2005) (holding the district court's allowance of testimony about the defendant's prior convictions, although unsanctioned by Rule 404, was harmless error because the testimony was "inconsequential when evaluated against the balance of the prosecution's considerable evidence" of the crime charged).

Ninth, Lewis contends the court abused its discretion in admitting expert testimony by DEA Agent David McNamara about the pattern of phone calls between Lewis and his alleged co-conspirators. Lewis makes two claims: first, McNamara lacked the qualifications to be deemed an expert under Fed. R. Evid. 702; second, McNamara's proposed area of expertise, phone usage patterns of drug-traffickers, did not meet either the reliability nor the "assist[ance to] the trier of fact" requirements of Rule 702.[6] We find both claims unavailing. There was ample evidence of McNamara's qualifications: he had been a DEA agent for fifteen years, attended training programs on the use of telephones by criminals, and analyzed hundreds of thousands of cell phone records over the course of his career. *See Betterbox Communications Ltd. V. B.B. Technologies, Inc.*, 300 F.3d 325, 327-28 (3d Cir. 2002) (holding that one's practical experience can be the basis of his "specialized knowledge" for the purposes of rendering him an expert). With respect to reliability and assistance to the trier of fact, the court did not abuse its discretion in finding McNamara's proposed area of expertise satisfied those

---

[6] In a third claim, Lewis contends Agent McNamara's expert testimony violated the Confrontation Clause. Because Lewis's co-defendant, Mack Jones, initially raised the Confrontation Clause point at trial and also makes the claim in his appeal, we address it in our companion case, *United States v. Jones*, No. 09-2955 (3d Cir. October 11, 2011).

requirements. "[T]he operations of narcotics dealers have repeatedly been found to be a suitable topic for expert testimony because they are not within the common knowledge of the average juror." *United States v. Watson*, 260 F.3d 301, 307 (3d Cir. 2001).

Tenth, Lewis argues the court erred in allowing Morales to testify about having asked Lewis, in 1992 or 1993, to shoot an individual named Walter. Lewis argues Morales's testimony was inadmissible hearsay. We disagree. The court did not abuse its discretion in allowing the testimony under the co-conspirator exception. *See* Fed. R. Evid. 801(d)(2)(E). There was sufficient evidence to find Morales and Lewis entered into a conspiracy to shoot Walter in the early 1990s and Morales's statement to be in furtherance of that conspiracy.

## VI.

Finally, Lewis requests a remand on sentencing contending his sentence was unreasonable. The court sentenced Lewis to a term of life imprisonment plus 120 months. Lewis does not challenge the court's calculation of his Guidelines range,[7] nor does he allege any procedural error during the sentencing hearing. His sole challenge is to the "reasonableness" of the sentence imposed, given that his co-defendant, Ahmed Judge, received the same sentence but was arguably more culpable. We review for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007) ("[T]he appellate court should [] consider the substantive reasonableness of the sentence imposed under an

---

[7] The Presentence Investigation Report determined Lewis's Total Offense Level to be 49 and his Criminal History Category to be 4. It recommended a Guidelined sentence of life imprisonment. At the sentencing hearing, the court adopted the PIR's Guidelines calculation over Lewis's objection, and Lewis does not reassert the objection here.

abuse-of-discretion standard."), and assess the substantive reasonableness of the sentence in light of the factors set forth in 18 U.S.C. § 3553(a). *See United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006).

We find the court's sentence reasonable in light of the § 3553 factors. Regarding the first factor, the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), Lewis's crimes were grave. His drug-trafficking conspiracy was of major proportions (the District Judge termed it the largest drug case he ever presided over), and Lewis's murder was deliberate and premeditated. Although Lewis claims it was unfair for him to receive the same sentence as the person who pulled the trigger, the court found Lewis and Judge equally culpable with respect to Fussell's death. Regarding "the characteristics of the defendant," *id.* § 3553(a)(1), the court explained at sentencing it found "little hope" Lewis would assume a "conventional way of living." He had taken two lives (in addition to murdering Fussell, Lewis had been convicted for aggravated manslaughter), he worked steadily as a drug dealer throughout his adult life, and he showed no respect for the conventions of society. We find no substantive error in the court's assessment of the Section 3553 factors. Its sentence of life imprisonment plus 120 months was reasonable.

VII.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

14