**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3615
_____

MICHAEL H. VADEN,

Appellant

v.

WARDEN BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-01807)
District Judge: Hon. Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2013

BEFORE: AMBRO, HARDIMAN and COWEN, Circuit Judges

(Filed: April 29, 2013)

_____

OPINION
_____

COWEN, Circuit Judge.

Michael Vaden ("Vaden") appeals the order of the District Court, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will affirm.

I.

Vaden, a federal prisoner, filed this petition challenging a prison disciplinary process which led to the loss of good conduct time. His petition alleges that he was denied due process when the Disciplinary Hearing Officer ("DHO") did not conduct an investigation of the incident prior to his disciplinary hearing. Vaden had received an incident report charging him with refusing to obey an order of a staff member and assault. The incident report alleged that, after refusing to return to his cell, Vaden returned to his cell and kicked the cell door open, barely missing the officer. At a disciplinary hearing, Vaden requested that the hearing officer review surveillance video tape of the incident, which he claimed would exonerate him. The video was not available because, under prison policies at the time, it was recycled. The disciplinary hearing was held without the video and Vaden was found guilty.

Lt. John G. Trently, who was assigned to investigate the case, never viewed or requested the preservation of the video. Vaden claims that Trently never met with him after the incident. Trently claims that he met with Vaden to investigate the incident and that Vaden never requested that he preserve the video.

Vaden claims that he requested the video immediately after the incident. On the day after the incident, two members of the Unit Disciplinary Committee ("UDC"),

2

including UDC Chairman Francis Gambone III, interviewed Vaden. Vaden told them "[l]ook at the camera. I never kicked the door." (App. 102.) However, nobody from the UDC requested the video.

A proceeding was held before the Magistrate Judge. The Magistrate Judge issued a report and recommendation. The Magistrate Judge viewed the petition as asserting a claim that Vaden "was denied the right to present evidence of a nature that he had specifically requested investigators to review and had implicitly requested be preserved and that needed no investigation to be discovered." (App. 12.) The Magistrate Judge made a factual finding that Vaden requested the tape at his UDC interview, but recommended that the District Court deny the petition because there is no evidence that the video was destroyed in bad faith. Vaden filed objections to the report and recommendation. (Dist. Ct. Doc. No. 43.) In his brief supporting the objections, Vaden asserted that the Magistrate Judge misinterpreted his petition, and argued that his claim was that no investigation took place, and that he was "denied the opportunity to request the 'investigator' to review and preserve the video surveillance." (Dist. Ct. Doc. No. 44 at 6.) Vaden's brief contained a section titled "Vaden Did Not Claim That He Specifically Requested That Investigators Review the Video." (*Id.* at 5.) The Government agreed with Vaden's interpretation of the claim. (Dist. Ct. Doc. No. 45 at 3.)

The District Court adopted only the recommendation of the report. At the request of the parties, it viewed the petition as alleging that Vaden was denied due process because there was no investigation by prison officials prior to the disciplinary hearing.

3

The District Court made factual findings that Trently investigated the incident and that Vaden never requested that Trently preserve the video. Based on these factual findings, the District Court denied the petition. This appeal followed.

The District Court had jurisdiction under 28 U.S.C. § 2241. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the District Court's denial of a petition for habeas corpus de novo. *See Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007). We review factual findings for clear error.[1] *Id.*

## II.

On appeal, Vaden now asserts that the District Court committed clear error when it found that he did not request the preservation of the video. Rather, according to Vaden, the testimony at the hearing before the Magistrate Judge provides unequivocal evidence that Vaden requested that Gambone view the video.

We conclude that Vaden has waived this argument, because at the District Court Vaden specifically told the Court that he was not claiming that he requested that the video be preserved, but rather that his claim was premised on the prison's failure to conduct an investigation at all. (Dist. Ct. Doc. No. 44 at 5-6.) As a result of these objections to the Magistrate Judge's report and recommendation, the District Court considered whether an investigation took place, and concluded that Trently conducted an investigation. This

---

[1] To be clear, we review the factual findings of the District Court for clear error. The District Court, however, was required to review the Magistrate Judge's findings de novo. *See* M.D. Pa. Local Rule 72.3. Thus, when we refer to the District Court's factual findings, we are referring to the factual findings of Judge Sylvia H. Rambo, who made her own factual findings and declined to adopt the Magistrate Judge's findings of fact.

factual finding is not clearly erroneous, as Trently testified that he conducted an investigation, and the District Court credited the testimony. (App. 18 ("It is this court's belief that Trently was in Vaden's cell on December 7, 2010 at 8:05 a.m. and presented Vaden with the incident report and advised him of his rights and at that time Vaden requested nothing concerning the video tapes.").) As he disavowed the argument before the District Court, Vaden cannot argue on appeal that his claim is that he requested the preservation of the video but the prison failed to preserve it. *See United States v. Petersen*, 622 F.3d 196, 202 n.4 (3d Cir. 2010) (quoting *United States v. Rose*, 538 F.3d 175, 179 (3d Cir. 2008)) ("[I]t is well-settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances.").

III.

For the foregoing reasons, we will affirm the order of the District Court denying the petition for a writ of habeas corpus.