**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 13-3155

—————

UNITED STATES OF AMERICA

v.

JIMMIL HENDERSON a/k/a JAMIL HENDERSON

JIMMIL HENDERSON,
                                         Appellant

—————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cr-00410-001)
District Judge:  Honorable Joseph H. Rodriguez

—————

Submitted under Third Circuit LAR 34.1(a)
on March 7, 2014

Before:  AMBRO, JORDAN and ROTH, Circuit Judges

(Filed: August 1, 2014)

—————

O P I N I O N

—————

**ROTH**, Circuit Judge:

        In this appeal, Jimmil Henderson challenges his conviction following a trial before

the District Court. For the reasons that follow, we will affirm the District Court's judgment of conviction.

## I. Background

Because the facts are well known to the parties, we will discuss them only briefly.

After a foot chase, police arrested Henderson on February 18, 2011. At the time of arrest, Henderson was carrying five zip lock bags containing marijuana, one zip lock bag containing five vials of cocaine, and $254 in cash. A gun was also retrieved, which Henderson discarded during the chase.

On August 24, 2012, Henderson was indicted on three counts: possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On January 30, 2013, after a five-day bifurcated trial, a jury found Henderson guilty on all three counts.

## II. Discussion[1]

Henderson alleges that the District Court 1) erred and violated his Due Process Rights by excluding testimony pertaining to his participation in a court diversionary program, 2) erred in admitting evidence of two of Henderson's prior convictions for possession with intent to distribute controlled substances, and 3) erred in refusing his request for a jury instruction regarding the lesser included offense of possession of a

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

controlled substance. We see no error in the District Court's actions.

## A. Evidentiary Rulings

We review evidentiary rulings for abuse of discretion, though we exercise plenary review over a district court's construction of the Federal Rules of Evidence. *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010). "An abuse of discretion occurs only where the district court's decision is arbitrary, fanciful, or clearly unreasonable – in short, where no reasonable person would adopt the district court's view." *Id*.

### 1. Exclusion of Testimony

Henderson contends that the District Court erred in denying testimony regarding his participation in a court diversionary program by concluding that it was irrelevant under Federal Rule of Evidence 401. Relying on *Gov't of Virgin Islands v. Mills*, 956 F.2d 443 (3d Cir. 1992), Henderson also contends that the exclusion was a violation of his Sixth Amendment right to compulsory process.

Rule 401 instructs that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The exclusion of testimonial evidence amounts to a violation of the Sixth Amendment right to compulsory process when the testimony is relevant, and when it would have been "both *material* and *favorable* to [the defendant's] defense." *Mills*, 956 F.2d at 446 (emphasis in original). Here, the District Court neither abused its discretion nor violated Henderson's right to compulsory process.

Henderson sought to admit the testimony of Maria Casado, the custodian of

3

records and director of classification at Delaney Hall—a facility which offers court diversionary programming aimed at changing addictive and criminal behavior by providing drug treatment, job training, GED preparation, parenting classes, and other services. Henderson alleges that Ms. Casado's testimony would show that Henderson had a drug problem, and thus, support the theory that the drugs in his possession at the time of arrest were for personal use rather than distribution. However, Ms. Casado's testimony was limited to the dates during which Henderson received services at Delaney Hall. Ms. Casado does not have personal knowledge, nor does Delaney Hall have records, regarding whether Henderson actually participated in drug treatment or whether Henderson was referred to Delaney Hall due to a drug problem. Not only is this testimony not helpful in establishing that Henderson had a drug problem, it also provides no support for the contention that the drugs in his possession at the time of arrest were for personal use.[2] Therefore, the District Court properly exercised its discretion in excluding the testimony as irrelevant. Furthermore, because the testimony is irrelevant, it does not amount to a Sixth Amendment violation.

### 2. Admission of Prior Convictions

Henderson also contends that the District Court erred in admitting as evidence two prior convictions for possession with intent to distribute controlled substances. Both convictions were based on arrests in 2006 that occurred near the area of Lincoln Park in

---

[2] Henderson contends that Casado's testimony would show that Henderson underwent drug treatment because treatment was mandatory for anyone in the program for more than 21 days. Even so, mandatory drug treatment based on length of program participation is not probative of whether an individual has a drug problem.

Newark, New Jersey. At the time of the first arrest, Henderson was in possession of 23 vials of cocaine, 13 decks of heroin, and $213 in cash. At the time of the second arrest, Henderson was in possession of 32 vials of cocaine, 46 folds of heroin, and $169 in cash. Henderson contends that the prior convictions are not "sufficiently similar to the instant offense as to demonstrate motive or intent" in that the prior convictions did not involve marijuana and one of the prior convictions involved an accomplice or co-conspirator. Henderson also contends that the use of both convictions "crossed the line from being offered for a proper purpose and to improperly demonstrate a propensity to commit the crime charged." *Id.*

To be admissible under Rule 404(b), evidence of prior crimes must have a proper evidentiary purpose, be relevant under Rule 401, satisfy the Rule 403 balancing test, and, when requested, be accompanied by a limiting instruction about the purpose for which the jury may consider it. *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001). Here, the District Court properly exercised its discretion in determining that each requirement was satisfied.

Intent and motive are both proper purposes under Rule 404(b)(2) and relevant under Rule 401 given the defense's theory that the drugs in Henderson's possession were for personal use. With expert testimony, the government established that drugs packaged for distribution are divided up into small increments and cost substantially more than when they are sold in bulk. The prior convictions establish that Henderson would have had knowledge of this fact. In other words, Henderson's prior convictions are at least minimally relevant to establishing that he was aware that drugs were distributed in small

5

vials of the kind he possessed upon arrest, making it more likely that he intended to distribute those drugs. The differences Henderson highlights between the present case and the prior convictions are irrelevant to this consideration.

Additionally, the District Court determined under Rule 403 that the probative value of the convictions weighed in favor of admission because the government established a proper purpose. Contrary to Henderson's contention, admission of both convictions, as opposed to just one, neither makes for an improper purpose, nor weighs in favor of exclusion under Rule 403. As we have previously instructed, Rule 404(b) operates as a "rule of inclusion rather than exclusion," where admission is favored if the evidence is relevant for any purpose other than propensity to commit a crime. *See United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003).

The final requirement for Rule 404(b) was satisfied when the District Court instructed the jury that it could consider the prior convictions only "in deciding whether the defendant had the plan, knowledge or intent necessary to commit the crime charged in the indictment," and "not . . . as proof that the defendant had a bad character or any propensity to commit crimes." A1106-07. Accordingly, we find that the District Court properly exercised its discretion in admitting the prior convictions under Rule 404(b).

**B. Jury Instruction**

Finally, Henderson contends that the District Court erred in denying his request to give a jury instruction on the lesser included offense of possession of a controlled substance. In lieu of a jury instruction, the District Court added the lesser included offense to the verdict form. Because Henderson failed to object to this substitution, we

6

review for plain error.[3]  *See Gov't of Virgin Islands v. Smith*, 949 F.2d 677, 681 (3d Cir. 1991).

The District Court must provide a jury instruction on a lesser included offense, if it is supported by the evidence.  *United States v. Petersen*, 622 F.3d 196, 204 (3d Cir. 2010).  However, as is the case here, when the lesser offense is included on the special verdict form this mandate does not apply.  *Id.* at 205.  Accordingly, we find no error.

### III. Conclusion

For the foregoing reasons, we will affirm the District Court's judgment of conviction.

---

[3] The Government contends that Henderson waived his right to raise this issue pursuant to the invited error doctrine.  *See United States v. Console*, 13 F.3d 641, 660 (3d Cir. 1993) (quotations omitted).  However, this doctrine is inapplicable because Henderson neither invited nor induced the District Court to omit the jury instruction.