NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1661
_____

UNITED STATES OF AMERICA

v.

TYREEK STYLES,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2-10-cr-00770-015)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2014

Before:  FISHER, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed:  October 8, 2014 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Tyreek Styles appeals his conviction and sentence for aiding and

abetting the attempted possession with the intent to distribute cocaine.  Styles challenges

the district court's denial of his motions for acquittal and a new trial, the district court's

decision not to read or play back certain testimony for the jury during deliberations, and the reasonableness of his sentence. We will affirm.[1]

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In 2009, a multistate task force began investigating a suspected drug trafficking organization in Philadelphia headed by Bellvin Smith. The task force suspected that Smith and others traveled to Las Vegas and Los Angeles to purchase powder cocaine, crack cocaine, and marijuana and transported the drugs to the Philadelphia area for sale.

On July 25, 2012, a grand jury in the Eastern District of Pennsylvania indicted Styles and ten others for crimes related to the drug trafficking scheme. The grand jury charged Styles with one count of conspiracy to distribute five kilograms or more of cocaine, 280 grams or more of crack cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(D) and 846, and one count of attempted possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846, and 18 U.S.C. § 2.

---

[1] Styles's codefendant, Zachary Chambers, has also appealed his conviction and sentence. *See* Docket No. 13-3518. We address his appeal with a separate opinion and judgment.

At trial, Bellvin Smith testified about his relationship with Styles. Smith testified that Styles knew Smith sold narcotics; that Styles exchanged small bills for large bills to help Smith transport cash more easily; that Styles had driven Smith to Los Angeles twice, knowing that Smith intended to buy narcotics there; and that Styles had brought between $15,000 and $20,000 to the Philadelphia airport on one occasion, intending to bring the money to Las Vegas and knowing that Smith would use it to buy drugs, although the trip was cancelled.

The jury found Styles not guilty of the conspiracy charge but found him guilty of the attempted possession charge. Styles filed a motion for acquittal and a motion for a new trial, both of which the district court denied. The district court sentenced Styles to 72 months of incarceration, three years of supervised release, and a $3,000 fine. Styles filed a timely notice of appeal.

## II.

The district court had jurisdiction over this criminal action under 18 U.S.C. § 3231. We exercise jurisdiction to review the district court's judgment of conviction under 28 U.S.C. § 1291 and to review the sentence imposed under 18 U.S.C. § 3742(a).

## III.

### A.

Styles contends that no reasonable jury could convict him of attempted possession with intent to distribute 500 grams or more of cocaine, so the district court should have

granted his motion for acquittal under Federal Rule of Criminal Procedure 29. Alternatively, he argues that the verdict went against the weight of the evidence, so the district court should have granted his motion for a new trial under Rule 33.

We review a district court's decision on a Rule 29 motion for acquittal *de novo* "and independently apply the same standard the district court uses in deciding the motion." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424 (3d Cir. 2013) (en banc). The Court reviews the evidence presented at trial in the light most favorable to the Government to determine whether any reasonable trier of fact could find each essential element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We review a district court's decision on a Rule 33 motion for a new trial for abuse of discretion. *See United States v. Jasin*, 280 F.3d 355, 360 (3d Cir. 2002). A new trial is warranted if the jury's verdict is contrary to the weight of the evidence and if "there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (internal quotation marks omitted).

The grand jury charged Styles with violating 21 U.S.C. §§ 841(a)(1) and 846 *and* 18 U.S.C. § 2. Section 2 provides, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). In other words, a person who aids and abets a violation of federal law is punished as though he committed the violation himself. To

convict Styles of aiding and abetting the attempted possession with intent to distribute 500 grams or more of cocaine, the Government needed to prove beyond a reasonable doubt that (1) someone attempted to possess 500 grams or more of cocaine with the intent to distribute it; (2) Styles knew about the commission of the offense; and (3) Styles acted with the specific intent to facilitate the offense. *See United States v. Petersen*, 622 F.3d 196, 208 (3d Cir. 2010).

Based on Bellvin Smith's testimony, a reasonable trier of fact could find beyond a reasonable doubt that (1) Smith attempted to possess 500 grams or more of cocaine with the intent to distribute it; (2) Styles knew Smith was trying to possess 500 grams or more of cocaine with the intent to distribute it; and (3) Styles exchanged smaller bills for larger bills, carried cash on his person, drove Smith to Los Angeles, and performed other actions with the specific intent of helping Smith possess 500 grams or more of cocaine to distribute it in Philadelphia.

Accordingly, we find there was sufficient evidence for the jury to convict Styles of aiding and abetting the attempted possession with the intent to distribute 500 grams or more of cocaine. We also find that the verdict was not against the weight of the evidence and that no miscarriage of justice has occurred. Therefore, the district court did not err in denying the Rule 29 and Rule 33 motions.

B.

Styles argues that the district court should have granted the jury's request to read back a portion of Smith's testimony during their deliberations. Styles asks us to review this claim for plain error, our standard of review when a defendant has not objected to the district court's decision. Fed. R. Crim. P. 52(b). But when a defendant "affirmatively state[s] that [he is] satisfied" with the district court's decision, he may not subsequently challenge the decision on appeal. *Gov't of V.I. v. Bradshaw*, 569 F.2d 777, 781 (3d Cir. 1978); *see also United States v. Maury*, 695 F.3d 227, 256-57 (3d Cir. 2012) (if a defendant requests a particular jury instruction and the district court adopts it, the defendant waives appeal on that issue unless a change in law has occurred).

During deliberations, the jury asked that testimony of three witnesses concerning a certain day be read back to them. The district court suggested that pulling out the three witnesses' requested testimony from the hours of recordings would be time-consuming. The Government agreed and proposed instructing the jury to rely on their memories of the testimony. Defense counsel stated at that time, "I agree, Your Honor." J.A. 102. Accordingly, the court instructed the jury to rely on their memories of the witnesses' testimony.

Because Styles, through counsel, affirmatively expressed agreement with the district court's response to the jury's request, he has waived any challenge to the district court's decision, and we will not review this issue.

6

## C.

Finally, Styles argues that his sentence is substantively unreasonable because the district court should have given him a two-level reduction in his advisory Guidelines offense level under U.S.S.G. § 3B1.2(b) as a minor participant in the offense, because the Sentencing Commission has proposed a two-level offense-level reduction for all drug quantities listed in the Table in § 2D1.1, and because he is susceptible to abuse in prison as a former correctional officer. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Lopez-Reyes*, 589 F.3d 667, 670 (3d Cir. 2009).

The district court considered these arguments at Styles's sentencing and did not abuse its discretion. The district court reasonably determined Styles was not a minor participant in the offense. The district court did not err in denying Styles an offense-level reduction based on a proposed Guidelines amendment that Congress may yet reject and that he may be able to secure through a post-conviction motion. And the district court did not unreasonably weigh the significance of Styles's employment as a prison guard in determining an appropriate sentence, particularly in light of the below-Guidelines sentence Styles actually received. Therefore, the district court did not abuse its discretion in imposing a sentence of 72 months of incarceration.

## IV.

For the reasons above, we will affirm Styles's conviction and sentence.