NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1578
_____

UNITED STATES OF AMERICA

v.

DESMOND MERCER,
                              Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-14-cr-00270-002)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 4, 2016
_____

Before:  JORDAN, GREENAWAY, JR., AND RENDELL, *Circuit Judges*.

(Filed: February 1, 2017)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Desmond Mercer argues on appeal that this Court should remand his case to the District Court in order to expressly calculate his 168-month prison sentence under the U.S. Sentencing Guidelines. Mercer provides no basis for the relief he seeks. We will affirm.

## I.    Facts

On October 21, 2014, Mercer and his associates were indicted on conspiracy to distribute heroin and related charges. Pursuant to a written plea agreement, Mercer pled guilty to Count 1 of the indictment. The Government agreed with counsel to recommend a sentence of 168 months in prison. At the plea hearing, counsel for the Government reviewed the terms of the plea agreement with Mercer and confirmed that Mercer and his counsel understood that the plea agreement recommended a 168-month sentence. Both Mercer and his counsel stated that they understood and agreed with the terms of the plea agreement.

At the sentencing hearing, the District Court imposed the jointly recommended 168-month sentence. The Court stated on the record that in rendering sentence it considered Mercer's statements, the statements of his counsel and the Government as well as the presentence investigation report and the Guidelines range. The Court also stated that the sentence would satisfy the requirements of 18 U.S.C. § 3553(a). The presentence investigation report determined and the Court found that Mercer was a career offender pursuant to U.S. Sentencing Guidelines § 4B1.1. The guidelines range was 151

to 188 months.  Mercer posed no objection to the Court's considerations in rendering

sentence.  This appeal followed.

## II.    Standard of Review[1]

We review the procedural reasonableness of a sentence for abuse of discretion.

*United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).  However, because

Mercer did not object to the sentence nor the manner in which it was imposed, we review

his claim for plain error.  *See* Fed. R. Crim. P. 52(b) ("A plain error that affects

substantial rights may be considered even though it was not brought to the court's

attention."); *see also United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en

banc) (stating that a "party must object to the procedural error complained of after

sentence is imposed in order to avoid plain error review on appeal").

Under plain error review, we must find (1) error was committed; (2) the error was

plain; and (3) it affected the defendant's substantial rights.  *See United States v. Stevens*,

223 F.3d 239, 242 (3d Cir. 2000).  "The error must be 'an egregious error or a manifest

miscarriage of justice.'"  *United States v. Petersen*, 622 F.3d 196, 203 (3d Cir. 2010)

(quoting *United States v. Price*, 76 F.3d 526, 530 (3d Cir. 1996)).  However, even if all

the prerequisites are met, we "will not exercise our discretion to reverse a case for plain

error unless the error 'seriously affect[s] the fairness, integrity, or public reputation of

judicial proceedings.'"  *Id.* (quoting *Jones v. United States*, 527 U.S. 373, 389 (1999)).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In other words, even if there is plain error, we may still affirm the sentence if the error is harmless. *See United States v. Knight*, 266 F.3d 203, 206 n.6 (3d Cir. 2001) (citing Michael O'Shaughnessy, *Appellate Review of Sentences*, 88 Geo. L.J. 1637, 1643 (2000)). The error is harmless if it is "clear that the error did not affect the district court's selection of the sentence imposed." *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008).

## III. Analysis

On appeal, Mercer argues that his sentence is procedurally unreasonable because the failure to expressly calculate his Sentencing Guidelines range on the record violates the three-step sentencing protocol in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). When imposing a sentence, a district court must (1) calculate a defendant's Sentencing Guidelines range; (2) formally rule on motions for departure and explain how any departure affects the Guidelines calculation; and (3) exercise discretion when considering relevant factors in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). "[F]ailing to calculate (or improperly calculating) the Guidelines range . . . or failing to adequately explain the chosen sentence" is significant procedural error. *Tomko*, 562 F.3d at 567 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Because the District Court did not expressly calculate Mercer's sentence on the record, there was error. *See id.* However, the error was not "egregious" or a "manifest miscarriage of justice." *Petersen*, 622 F.3d at 203. The Court stated that it took into

4

account the Guidelines range and the presentence investigation report, which calculated Mercer's offense level and criminal history category, and that the sentence imposed would satisfy the purposes in § 3553(a). Prior to sentencing, the parties jointly recommended that Mercer be sentenced to 168 months in prison. Furthermore, in its Statement of Reasons, the District Court provided its findings on the presentence investigation report and its determination of the Guidelines range by noting Mercer's offense level and criminal history category.[2]

On appeal, Mercer makes no claims that the District Court miscalculated the Guidelines range or that the findings in the presentence investigation report are erroneous. As such, the Court's sentence did not result from, and was not affected by, its failure to expressly calculate the Sentencing Guidelines range. Thus, we conclude that the error was harmless.

## IV.  Conclusion

For the above reasons, we will affirm the District Court.

---

[2] The District Court entered its Statement of Reasons on March 7, 2016 and entered an amended Statement of Reasons on July 26, 2016, which clarified that the presentence investigation report's two-level enhancement pursuant to U.S. Sentencing Guidelines § 2D1.1(b)(1) should not be applied.