NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2962
_____

LINDA TAYLOR,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY;
PAUL R. ARMSTRONG, Administrative Law Judge;
ABBE MAY, An impartial vocation expert;
JAMES SHORT, Administrative Appeals Judge
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-18-cv-11534)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2020

Before: JORDAN, BIBAS and PHIPPS, Circuit Judges

(Opinion filed: September 18, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Linda Taylor seeks judicial review of a decision denying her application for Disability Income Benefits and Supplemental Security Income. Taylor, a 57-year-old woman, suffers from left shoulder degenerative joint disease, degenerative disc disease, and a systemic autoimmune disease ("Sjogren's syndrome"). She complained that she suffers from back and shoulder pain, as well as weakness throughout her body. Taylor claimed that she was unable to perform the work of her previous jobs as hotel housekeeper and garment sorter because of her ailments.

The ALJ denied Taylor's request for benefits after performing the five-step sequential evaluation process for determining disability. See 20 C.F.R. § 404.1520(a) and § 416.920(a); Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).[1] He determined that Taylor had severe physical impairments and nonsevere mental impairments, but that her impairments were not as severe as those listed in the regulation. At step four, the ALJ found that, despite Taylor's testimony that she could not maintain the physical demands of her job and had difficulty walking, her medical records showed no motor or ambulatory deficits. The ALJ concluded that Taylor maintained enough "residual functional capacity" to perform light work as a garment sorter or housekeeper. The

_____

[1] The Commissioner must determine: (1) whether the applicant has engaged in substantial gainful activity since the alleged disability onset date; (2) whether the applicant has a severe impairment or combination of impairments; (3) whether the impairment or combination of impairments meets the criteria of a listed impairment; (4) whether, despite the severe impairment, the applicant retains the residual functional capacity to perform her past relevant work; and (5) whether the applicant is capable of performing other jobs that exist in the national economy, considering her age, education, work experience, and residual functional capacity. See 20 C.F.R. § 404.1520(a)(4); Fargnoli v. Massanari, 247 F.3d 34, 39 (3d Cir. 2001).

District Court upheld the decision, noting that the record evidence supported the ALJ's findings.[2]  Taylor appealed.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  Like the District Court, we must uphold the ALJ's finding if it is supported by substantial evidence.  See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); Burns v. Barnhart, 312 F.3d 113, 130 (3d Cir. 2002).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Rutherford, 399 F.3d at 552 (quotation marks omitted).  It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."  Id. (quotation marks omitted).  Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence supports the ALJ's denial of the claim at step four.[3]  The ALJ adequately explained his reasoning based on the entire record and the testimonial evidence.  Despite Taylor's own testimony to the contrary, her medical records showed that she retained significant physical strength in her shoulder and had no difficulty walking.  For example, at a medical examination in 2010, Taylor complained of back

---

[2] The District Court also dismissed Taylor's argument that the ALJ was biased against her because of her race.  Taylor has not pursued that claim on appeal and we will not address it here.

[3] Taylor has not challenged the ALJ's conclusions at steps one, two, and three.

pain that had lasted for the past 15 to 20 years, but her examination revealed normal walking, an ability to get up from the examination table without difficulty, and normal range of motion, good coordination, and no strength deficits. ECF 10-7 at 3-5. Examinations in September 2014 and February 2015 revealed that Taylor walked with a normal gait and had normal motor control. ECF 10-7 at 61, 71. The ALJ noted that Taylor was not limited in performing daily life activities, like cooking, cleaning, driving, and shopping. See ECF 10-6 at 26-33. In addition, the vocational expert testified that Taylor's impairments would not limit her from performing her past work as a garment sorter and that she could still do the work of a housekeeper. See ECF 10-2 at 70.

Taylor argues that the ALJ did not "develop" all relevant medical reports before making his decision. However, Taylor has not pointed to what information specifically was missing or what effect it would have had on the proceedings. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009) ("[T]he party that seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted."). The ALJ also granted Taylor an additional 30 days after the hearing to produce more medical evidence, which the ALJ admitted into the record. To the extent that Taylor argues that the ALJ mischaracterized a letter from her previous employer, the District Court correctly concluded that the letter was properly characterized as a resignation letter and that, even if it was mischaracterized, the error was harmless under the circumstances. Apart from a few generalized statements that the ALJ failed to consider evidence in the

4

record, Taylor has provided no detail as to why the decision was not supported by substantial evidence, nor has she raised any substantiated legal errors made by the ALJ.[4]

Accordingly, we will affirm the judgment of the District Court.

---

[4] Taylor also argues that she suffered from two additional severe impairments that the ALJ did not recognize (cervical disc disease with radiculopathy and tendonitis in her right shoulder and arm), and that the ALJ "cherry picked" evidence from the record. However, Taylor did not present those arguments to the District Court and this Court does not consider evidence or claims that were not first presented to the District Court. See United States v. Petersen, 622 F.3d 196, 202 n.4 (3d Cir. 2010). We note, too, that Taylor has expressed general disagreement with the ALJ's decision and has stated that she takes various medications for relief and that she continues to suffer from complications from her arthritis which prevent her from working. However, as the ALJ and District Court both concluded, Taylor's medical records and the testimony of the vocational expert contradict those claims. See 20 C.F.R. § 404.1529(c)(3) (noting that, when a claimant's subjective complaints of pain indicate a greater severity of impairment than the objective medical evidence supports, the ALJ can give weight to factors such as physician's reports, treatments to relieve symptoms, and a claimant's daily activities).