**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1910
_____

CURTIS L. GIBSON,
Appellant

v.

SETH ERICKSON, Unit Manager; MARK CAPPOZZA, Facility Manager
SCI FAYETTE PRISON OFFICIALS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-00357)
District Judge: Honorable David S. Cercone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 1, 2020

Before: MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 2, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Curtis Gibson filed a civil rights complaint against prison administrators based on the treatment of a single piece of mail.[1]  Specifically, Gibson alleged that he received an envelope sent from this Court which had been opened before it was given to him.  Gibson later submitted as an exhibit the opened envelope, which included a sticker that read: "This mail was misbarcoded, missent and/or opened by electronic devices. Please accept our apologies."  In response to a grievance that Gibson filed about the incident, Seth Erickson, the unit manager at the prison, explained that the envelope was mistakenly opened by the Post Office before it arrived at the prison.  Gibson claimed that Erickson and Mark Cappozza, the facility manager, failed to train the officers that sort the mail and that Erickson and Cappozza were further liable for denying his administrative grievance in violation of his due process rights.[2]  The District Court granted Erickson's and Cappozza's motion to dismiss and Gibson appealed.

This Court has jurisdiction under 28 U.S.C. § 1291, and we review the District Court's dismissal de novo.  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151

---

[1] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for the discussion.

[2] Gibson also appeared to seek relief based on the handling of an unrelated grievance about a delay in the prison processing Gibson's outgoing mail.  However, we will not address that claim because, as was explained in the Report and Recommendation, Gibson suffered no actual injury from the alleged incident.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).

(3d Cir. 2018). We construe Gibson's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm on any ground supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendants had "personal involvement in the alleged wrongs," which can be shown through "allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). As the District Court pointed out, Gibson has not alleged that Erickson or Cappozza were involved in screening the mail but were instead involved in the grievance process. He has thus not stated a First Amendment claim against them based on the opening of his legal mail.

To the extent that Gibson alleged that Erickson or Cappozza were liable for failing to train their subordinates, that claim fails because no actual constitutional violation took place. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). Gibson, in his amended complaint, described only one instance where the officials allegedly opened his legal mail before it was given to him. The sticker on the outside of the envelope, indicating that the Post Office mistakenly opened it, undermines that allegation. In any event, even if a prison official opened the envelope, the claim fails because, while a "pattern or practice" of opening legal mail outside the presence of an inmate is sufficient

3

to state a First Amendment violation, see Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006), a single instance is usually not enough.[3]  See Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995), overruled on other grounds by Lewis v. Casey, 518 U.S. 343 (1996); see also Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).

Finally, Gibson appears to have brought a due process claim against the defendants based on the handling of his grievance about the open envelope.  It is unclear what the basis of his claim is other than the denial of his grievance.  Regardless, such claims are not actionable because prisoners do not have a constitutional right to prison grievance procedures.  See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).[4]

Accordingly, we will affirm the judgment of the District Court.[5]

---

[3] Gibson failed to state a claim against the unnamed prison officials for the same reason.

[4] In his complaint, Gibson also listed a number of criminal statutes and prison regulations that were allegedly violated.  As the Magistrate Judge explained in the Report and Recommendation, no private right of action exists for those violations.

[5] Gibson's motion for appointment of counsel and motion to "present discovery material for appeal purposes" are denied.  See United States v. Petersen, 622 F.3d 196, 202 n.4 (3d Cir. 2010); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).