**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2677
_____

PAUL MARINACCIO,
                                            Appellant

v.

EAST HANOVER BOARD POLICE DEPARTMENT; TOWNSHIP OF EAST
HANOVER; PAULA MASSARO; POLICE CHIEF CHRISTOPHER CANNIZO;
CAPTAIN JACK AMBROSE; POLICEMAN ROBERT CHIAZZO; POLICEMAN TED
PRIBULLA; POLICEMAN DANIEL MCCLURE; POLICEMAN DELLA PIAZZA;
POLICEMAN MATTHEW CERRATO; POLICEMAN HAWISZCZAK; POLICEMAN
ROBERT JORDAN; POLICEMAN ZAMOJOWSKI; POLICEMAN DONNARD
JUSTIN; POLICEMAN KEITH GUNTHER; POLICEMAN MICHAEL LIOTTA;
POLICEMAN BRIAN STEVENS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-15443)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2020
Before:  CHAGARES, PHIPPS, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 30, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Paul Marinaccio filed a complaint in the Superior Court of New Jersey against East Hanover Township, the East Hanover Police Department, and numerous officers therein, which was later removed to the District of New Jersey.[1]  Marinaccio alleged that he was given a citation for violating East Hanover Ordinance 155-9A, which restricts persons from parking vehicles on East Hanover streets between 2:00 a.m. and 6:00 a.m.  He pled not guilty to the offense, but was convicted at a bench trial in municipal court and ordered to pay a total of $50.  After the municipal trial, Marinaccio claimed that the police department and various officers violated his constitutional rights under the First, Fourth, and Fourteenth Amendments (as well as a number of state laws) for a number of reasons, including that there were allegedly no signs on the street informing of the restriction and that the Township "blocked [his] access to the evidence of defendants' violations" when he filed an internal police department claim.  He sought money damages, as well as an injunction abolishing Ordinance 155-9A.

The District Court granted the defendants' motion for summary judgment and held that there were no constitutional violations and that East Hanover could not be held liable under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).  It also declined to exercise supplemental jurisdiction over the various state claims.  The District Court dismissed the case, and this appeal followed.

---

[1] Though it was styled as a class action complaint and contained a section discussing the class action requirements, we agree with the District Court that Marinaccio intended to also bring the claims individually.  He does not challenge the District Court's treatment of the class action portion of his complaint.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's order granting the defendants' motion for summary judgment de novo. See Tundo v. County of Passaic, 923 F.3d 283, 286 (3d Cir. 2019). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Here, the District Court properly considered the evidence presented and granted the defendants' motion. Marinaccio's First Amendment claim centers around the police department's alleged refusal to provide him with documents. It appears that, by way of an internal police department claim filed before the complaint in this case was filed, Marinaccio requested documents and videos relating to the enforcement of Ordinance 155-9A. He claimed that he was not provided with any of the evidence he requested. Such a claim was not properly brought under the First Amendment.[2] See Houchins v. KQED, 438 U.S. 1, 15 (1978) (plurality opinion) (explaining that the First Amendment does not "mandate[] a right of access to government information or sources of information within the government's control"); id. at 16 (Stewart, J., concurring in the judgment) (stating that the First Amendment "do[es] not guarantee the public a right of access to information generated or controlled by the government").

To the extent that Marinaccio challenged his $50 fine as a seizure under the Fourth Amendment, that claim fails because he did not show (or even argue) that the imposition

---

[2] Though Marinaccio argues on appeal that he intended to bring this claim under the New Jersey Open Public Records Act, the District Court properly declined to exercise jurisdiction over his state law claims, as is addressed *infra*.

of the fine was "unreasonable." See Terry v. Ohio, 392 U.S. 1, 9 (1968) ("[T]he Constitution forbids [] not all searches and seizures, but *unreasonable* searches and seizures." (emphasis added) (quoting Elkins v. United States, 364 U.S. 206, 222 (1960)). The relatively small sum was assessed after a municipal trial in which Marinaccio was able to present his arguments about the Ordinance. Marinaccio also failed to allege or provide any evidence that his vehicle had been subject to a seizure under the Fourth Amendment as the government merely threatened to seize it. See Brown v. Muhlenberg Twp., 269 F.3d 205, 209 (3d Cir. 2001) ("A Fourth Amendment 'seizure' of personal property occurs when there is some meaningful interference with an individual's possessory interests in that property." (internal citation omitted)). And, to the extent that he intended to bring a malicious prosecution claim under the Fourth Amendment based on his traffic citation, Marinaccio cannot prove that he ultimately prevailed in state court, see Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007), because he was convicted at a bench trial in municipal court.

The Fourteenth Amendment includes protections for both procedural and substantive due process. See, e.g., Town of Castle Rock v. Gonzales, 545 U.S. 748, 755 (2005). Marinaccio stated in his complaint that his substantive rights under the Due Process Clause were violated. To establish a substantive due process claim under § 1983, Marinaccio had to prove that (1) the particular interest at issue is protected by the Fourteenth Amendment, and (2) the government's deprivation of that protected interest shocks the conscience. Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008). Regardless of whether he was asserting a liberty interest grounded in the parking restrictions or a

4

property interest stemming from his $50 fine, the claim fails because the alleged deprivation does not shock the conscience.[3]

Because the individual defendants were entitled to summary judgment as a matter of law, the claims against both the township and the police department must fail. See Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 238 n.15 (3d Cir. 2013). The District Court also properly declined to exercise supplemental jurisdiction over the state law claims as the federal claims had all been dismissed. See 28 U.S.C. § 1367(c)(3); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003).

Accordingly, we will affirm the judgment of the District Court.

---

[3] Though Marinaccio appears to make a procedural due process argument in his opening brief, that claim was not presented to the District Court and this Court does not consider evidence or claims that were not first presented to the District Court. See United States v. Petersen, 622 F.3d 196, 202 n.4 (3d Cir. 2010).